J. Minos SIMON, Appellant,

v.

Warren LANDRY et al., Appellees.

No. 22740.

United States Court of Appeals Fifth Circuit.

April 11, 1966.

J. Minos Simon, Phil Trice, Simon, Trice & Mouton, Lafayette, La., for appellant.

Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Baton Rouge, La., William P. Schuler, Asst. Atty. Gen., New Orleans, La., Bertrand De Blanc, Dist. Atty., for appellees.

Before JONES and BELL, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

The appellant, J. Minos Simon, was plaintiff in the district court. As a qualified and registered voter in the Third Ward of the Parish of Lafayette, State of Louisiana, he seeks injunctive and other relief against an alleged malapportionment of the members of the Lafayette Parish Police Jury, and the members of the Lafayette Parish School Board, among the ten wards of the Parish. The district court held, in denying motions to dismiss, that, since the parties had agreed that the Louisiana statutes, LSA–R.S. § 33:1222 and § 33:-1224 were not unconstitutional, there was Federal jurisdiction under 28 U.S.C.A. § 1343(4) and 42 U.S.C.A. § 1983, and that there was no necessity for a three-judge court. On a further hearing the district court determined that the equal protection one man-one vote principle of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, does not extend to subordinate governmental instrumentalities such as the Police Juries of Louisiana Parishes. We do not, at this time, consider or pass upon this question. The districting of the Police Jury wards was done by the Police Jury and was in the nature of legislative action. The action was pursuant to a State statute of general application and was not one affecting a particular municipality or district. Rorick v. Board of Com'rs of Everglades Drainage Dist., 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242; Bianchi v. Griffing, D.C.E.D.N.Y.1965, 238 F.Supp. 997. It is asserted by the appellant that the action has resulted in depriving him of the constitutional right to equal protection of the law. As such, the action was a statute or order made by a commission. This being so, we conclude that a single judge district court was without jurisdiction and that a three judge court should be convened. 28 U.S.C.A. §§ 2281, 2284. In order that such a court may be convened to hear and determine the cause, the judgment of the district court will be vacated and the cause remanded.

Reversed and remanded.