ALABAMA STATE TEACHERS ASSN. ET AL. *v.*
ALABAMA PUBLIC SCHOOL AND
COLLEGE AUTHORITY ET AL.

No. 731. Decided January 20, 1969.

*Jack Greenberg, James M. Nabrit III, Melvin Zarr,* and *Fred D. Gray* for appellants.

*MacDonald Gallion,* Attorney General of Alabama, and *Gordon Madison,* Assistant Attorney General, for Alabama Public School and College Authority, and *James J. Carter* for Members of the Board and the Board of Trustees of Auburn University, appellees.

PER CURIAM.

The motions to affirm are granted and the judgment is affirmed.

MR. JUSTICE DOUGLAS, dissenting.

If my Brother HARLAN is correct and this is a local, as distinguished from a state-wide, law, a question not requiring a three-judge court (*Moody* v. *Flowers,* 387 U. S. 97), then we have been woefully wrong in other school integration cases. For they have almost always involved a single public school, which usually is wholly local in its operation. But in those other three-judge court cases we dealt with the operation of a state-wide racial segregation regime. The present Act (Ala. Acts 1967, No. 403) regulates a state agency, the Alabama Public School and College Authority, which issues and sells bonds. And these bonds, so the case tells us, are

sold to construct what threatens to become an all-white university.[1]

Can we say in 1969 that a State has no duty to disestablish a dual system of higher education based upon race? The three-judge court in a careful opinion seems to draw a line between elementary and secondary schools on one hand and colleges and universities on the other. The inference is that if this were an elementary school, the result would be different.[2]

The problem is in effect a phase of "freedom of choice" which was before us in another aspect in *Green* v. *County School Board*, 391 U. S. 430.[3]

I would note probable jurisdiction and set the case for argument.

MR. JUSTICE HARLAN, dissenting.

Only two years ago, *Moody* v. *Flowers*, 387 U. S. 97, 101 (1967), made it clear that a three-judge court need not be convoked whenever "a state statute is involved but only when a state statute of general and statewide application is sought to be enjoined." Although this holding was solidly grounded in precedent and in policy, the Court today abandons *Moody* without explanation by taking jurisdiction to affirm this judgment summarily.

The case before us does not involve a statute of "general and statewide application." Appellants are simply trying to prevent the construction of a single public college to be located in the City of Montgomery. Ap-

[1] The counterpart of this new predominantly all-white university is Alabama State College, predominantly Negro.

[2] This is on its face an amazing statement, as the forerunners of *Brown* v. *Board of Education*, 347 U. S. 483, 349 U. S. 294, were cases involving higher education. See *Missouri ex rel. Gaines* v. *Canada*, 305 U. S. 337; *Sipuel* v. *Board of Regents*, 332 U. S. 631; *Sweatt* v. *Painter*, 339 U. S. 629; *McLaurin* v. *Oklahoma State Regents*, 339 U. S. 637.

[3] And see *Raney* v. *Board of Education*, 391 U. S. 443; *Monroe* v. *Board of Commissioners*, 391 U. S. 450.

pellants merely attack a statute which "authorize[s] the Alabama public school and college authority . . . to issue . . . additional bonds in the . . . amount of $5,000,000 for the purpose of constructing . . . a four-year college at Montgomery under the supervision and control of the board of trustees of Auburn University." Ala. Acts, No. 403 (1967).[1] The fate of this one school, like the fate of a county-wide reapportionment plan, *Moody* v. *Flowers, supra,* or the affairs of a regional drainage district, *Rorick* v. *Commissioners,* 307 U. S. 208 (1939), is not to be decided by a special three-judge court. As *Moody* and *Rorick* teach, the bare fact that a state statute is involved is not enough to trigger 28 U. S. C. § 2281.[2]

---

[1] Although the appellants' original complaint also contained a challenge to the constitutionality of the Alabama statute creating the State's Public School and College Authority, Ala. Acts, No. 243 (1965), this challenge was abandoned at the hearing on the merits. See 289 F. Supp. 784, 785, n. 1 (1968).

[2] While my Brother DOUGLAS is quite right in noting that *Brown* v. *Board of Education* and two of its companion cases, 347 U. S. 483 (1954), were heard on appeal from three-judge District Courts, he fails to recognize that in each of those cases, appellants had sought to enjoin the operation of a state statute or constitutional provision of general application that either required or authorized racial segregation in public and secondary schools. *Id.,* at 486, n. 1. See also, *McLaurin* v. *Oklahoma State Regents,* 339 U. S. 637 (1950). In contrast, our "freedom-of-choice" decisions of last Term, *Green* v. *County School Board,* 391 U. S. 430 (1968); *Raney* v. *Board of Education,* 391 U. S. 443 (1968); *Monroe* v. *Board of Commissioners,* 391 U. S. 450 (1968), came to us on certiorari from the Fourth, Eighth, and Sixth Circuits respectively, precisely because the plans promulgated by the school boards in those cases were not of state-wide scope. See also *Cooper* v. *Aaron,* 358 U. S. 1 (1958) (on certiorari to the Eighth Circuit); *Griffin* v. *School Board,* 377 U. S. 218 (1964) (on certiorari to the Fourth Circuit); *Bradley* v. *School Board,* 382 U. S. 103 (1965) (on certiorari to the Fourth Circuit); *Rogers* v. *Paul,* 382 U. S. 198 (1965) (on certiorari to the Eighth Circuit); cf. *Watson* v. *Memphis,* 373 U. S. 526 (1963) (on certiorari to the Sixth Circuit).

Indeed, even when there is an attack on a state-wide statute which

We do not deal here with a state statute which "embodies a policy of statewide concern," *Spielman Motor Sales Co.* v. *Dodge,* 295 U. S. 89, 94 (1935), but one which expresses a judgment that more educational facilities are needed in a particular locality. Indeed, appellants' constitutional attack on the statute is entirely based on the peculiar local situation existing in Montgomery. At present, there are two state-supported institutions of higher learning in the city. Alabama State is a four-year college which has traditionally been attended by Negroes. Alabama Extension Center, on the other hand, has a predominantly white enrollment, but does not at present grant degrees, offering its students a set of "extension" courses. The Extension Center, however, will be enlarged to create Montgomery's new four-year college, while Negro Alabama State has been entirely ignored in the planning. Appellants contend that, at a minimum, the State's College Authority was constitutionally obliged to consider the possibility of coordinating the new college's operations with those of Alabama State before the Authority could properly embark on its present course.

This brief outline of the facts demonstrates that we are dealing with an essentially local dispute which could properly be heard first by a single District Judge and then by the Court of Appeals before it came to us on certiorari.[3]

I would dismiss this appeal for want of jurisdiction.

---

requires racial discrimination on its face, a three-judge court need not be convoked if the statute is clearly invalid under pre-existing case law. *Bailey* v. *Patterson,* 369 U. S. 31 (1962).

[3] Appellants themselves seem to have recognized that this Court's jurisdiction is questionable. They filed a protective appeal with the Court of Appeals for the Fifth Circuit on August 23, 1968. That court is holding the appeal in abeyance pending our decision in this case. See Jurisdictional Statement 2, n. 1.