# BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM *v.* NEW LEFT EDUCATION PROJECT ET AL.

No. 70–55.   Argued December 6, 1971—Decided January 24, 1972

*W. O. Shultz II,* Assistant Attorney General of Texas, argued the cause for appellant.   With him on the brief were *Crawford C. Martin,* Attorney General, *Nola White,* First Assistant Attorney General, *Alfred Walker,* Executive Assistant Attorney General, and *J. C. Davis, Pat Bailey,* and *James C. McCoy,* Assistant Attorneys General.

*David R. Richards* argued the cause for appellees. With him on the brief was *Melvin L. Wulf.*

MR. JUSTICE WHITE delivered the opinion of the Court.

This case comes here on direct appeal from the ruling of a three-judge court declaring unconstitutional and enjoining enforcement of two sections of the Rules and

Regulations of appellant Board of Regents of the University of Texas System. 326 F. Supp. 158 (1970). We postponed consideration of our jurisdiction to a hearing on the merits. 401 U. S. 935 (1971). For reasons explained below, we have concluded that we lack jurisdiction of this appeal.

This litigation began when the Board of Regents sued the New Left Education Project and certain individuals in a Texas court. In that suit, the Regents sought to restrain defendants from distributing a newspaper and making either commercial or noncommercial solicitations on the Austin campus of the University of Texas except in compliance with appellant's rules. Defendants countered by bringing this federal suit to enjoin further state court proceedings on the ground that the rules that the Regents sought to enforce abridged defendants' First Amendment rights. A three-judge court met and determined that it was properly convened pursuant to 28 U. S. C. § 2281. It then permitted certain other organizations and individuals, including appellees here, to join the suit as plaintiffs and dismissed the action as to those involved in the state court adjudication. Thereafter, the court granted summary judgment in favor of appellees, declaring unconstitutional and permanently enjoining enforcement of two rules, Regents' Rules & Regs., c. VI, pt. 1, §§ 6.11, 6.12 (App. 173), governing the campus distribution of certain kinds of literature and the solicitation of dues from members of political organizations.

We have jurisdiction to review directly the lower court's order granting an injunction only if the case was one required to be heard and determined by a three-judge court. 28 U. S. C. § 1253. Such a court is required where the challenged statute or regulation, albeit created or authorized by a state legislature, has statewide application or effectuates a statewide policy. But a single judge, not a three-judge court, must hear the case where the statute or regulation is of only local import. *Moody*

v. *Flowers,* 387 U. S. 97 (1967); *Rorick* v. *Board of Commissioners,* 307 U. S. 208 (1939); *Ex parte Public National Bank,* 278 U. S. 101 (1928); *Ex parte Collins,* 277 U. S. 565 (1928). This rule achieves the congressional purpose of saving statewide regulatory legislation from invalidation through ordinary federal court equity suits, minimizes the burden that the three-judge court places upon the federal judiciary, and avoids unduly expanding the Court's carefully limited appellate jurisdiction. *Phillips* v. *United States,* 312 U. S. 246, 250 (1941). Thus, the "term 'statute' in § 2281 does not encompass local ordinances or resolutions," *Moody* v. *Flowers, supra,* at 101, nor does it include a state statute having only a local impact, even if administered by a state official. *Rorick* v. *Board of Commissioners, supra.*

Appellant Board of Regents was created by the Texas Legislature and is charged with governing those educational institutions in the University of Texas System. Texas Rev. Civ. Stat. Ann., Art. 2585 (1965). This governance, which specifically includes a rulemaking power, *ibid.,* extends to but three of the 23 four-year state colleges and universities listed in the Higher Education Coordinating Act of 1965, *id.,* Art. 2919e–2, § 2 (Supp. 1970–1971): the University of Texas at Austin, El Paso, and Arlington.[1] In addition to the 20 senior colleges and universities for which appellant bears no responsibility, Texas has at least 31 public junior colleges that are not within the University of Texas System. *Ibid.* It is true that the Board of Regents governs numerous medical and other specialized schools and branches, *id.,* Arts. 2603e to 2603i, 2606b to 2606d, but these are only some of the specialized institutions that Texas denominates as agencies of higher education.

---

[1] Appellant also mentions the University of Texas at San Antonio and of the Permian Basin but does not take issue with appellees' contention that these schools are merely in the planning stage (Brief for Appellees 2 n. 1).

*Id.,* Art. 2919e–2, §§ 2 (e)–(g) (Supp. 1970–1971). It is therefore apparent that the Regents' rulemaking power and the rules at issue in this litigation extend to but a fraction of the campuses in the Texas system of higher public education. These rules can scarcely be described as matters of statewide concern or expressions of a statewide policy when a large percentage of Texas colleges and universities are unaffected by them and could not be affected by any pronouncement that a federal court might make on their constitutionality. There is no suggestion or indication of any kind that the Regents' rules are similar to those for other schools or are required by or express statewide policy.[2]

---

[2] It has long been settled that a three-judge court is proper even in a suit against a local official, although localized in his geographic activities and mode of his selection, when he is engaged in enforcing a policy of statewide application whose constitutionality is challenged. *Spielman Motor Sales Co.* v. *Dodge,* 295 U. S. 89 (1935); *Rorick* v. *Board of Commissioners,* 307 U. S. 208, 212 (1939). The thrust of our more recent decision in *Alabama State Teachers Assn.* v. *Alabama Public School and College Authority,* 393 U. S. 400 (1969), is to the same effect. The issue there was a legislative direction to the Alabama Public School and Housing Authority to issue bonds for the construction of a public university in Montgomery, Alabama. Appellants challenged that action, although having a local impact, as expressive of an official, statewide policy to maintain a racially identifiable, dual system of education, and the District Court denied relief. The dissent on the merits from summary affirmance, disagreeing with Mr. Justice Harlan's dissent on jurisdictional grounds, agreed that a statewide policy was sufficiently implicated to sustain the jurisdiction of the three-judge court and the direct appeal here. *Board of Visitors* v. *Norris, post,* p. 907, aff'g 327 F. Supp. 1368 (ED Va. 1971), rests upon the same basis. In *McLaurin* v. *Oklahoma State Regents,* 339 U. S. 637 (1950), the Court entertained an appeal from the judgment of a three-judge District Court upholding an Oklahoma statute providing that Negroes, though admissible to white graduate schools, must get that education on a segregated basis.

Nothing in the record before us in this case indicates that the regulations challenged here represent general state policy, reflect a

The situation here is comparable to that in *Moody* v. *Flowers, supra,* where we held that three-judge courts were improperly convened to consider challenges to a state statute applying to a particular county and to a county charter based upon a state statute. The fact that several campuses over which the Board of Regents has jurisdiction are located in different parts of the State does not in our view make their rules of general applicability for the purpose of 28 U. S. C. § 2281. These rules, applying only to some of the higher educational institutions of the State, are of limited significance and do not partake of the quality and dignity of those state statutes or policies that three-judge courts were designed to consider. We are persuaded that a contrary view of this case would be inconsistent with our oft-repeated admonition that the three-judge court statute is to be strictly construed. *E. g., Allen* v. *State Board of Elections,* 393 U. S. 544 (1969); *Phillips* v. *United States,* 312 U. S., at 251.

Since the three-judge court was improperly convened, appeal lies not here but to the Court of Appeals for the Fifth Circuit. So that appellant may be able, if it desires, to perfect a timely appeal, we vacate the judgment below and remand the case with instruction that the court enter a fresh decree. *Phillips* v. *United States, supra,* at 254.

*Judgment vacated and remanded.*

MR. JUSTICE POWELL and MR. JUSTICE REHNQUIST took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, dissenting.

When I authored *Moody* v. *Flowers,* 387 U. S. 97, I thought I was writing a chapter on federalism within

statutory command, or apply to more than a fraction of the Texas higher educational institutions. It is thus difficult to understand the dissent's reliance on the *Alabama, Norris,* and *McLaurin* cases.

a State. Cities, counties, and the State as a whole constitute that federalism. The three-judge-court statute, 28 U. S. C. § 2281, speaks of "the enforcement, operation or execution of any State statute." A city ordinance or a county regulation does not meet that requirement, and so the county regulations involved in *Moody* did not satisfy the statute though enacted by the State. If the source of the authority is state action, the statute is presumably satisfied, since normally, of course, state laws have an impact on activities in every city and every county. But where a state law is not of "statewide concern" and involves only "legislation affecting a locality" (*Rorick* v. *Board of Commissioners,* 307 U. S. 208, 213), then the policy of 28 U. S. C. § 2281 is deemed not served.

But a State's university system, involving, as does this one, 17 institutions, is plainly of "statewide concern" even though not every county has a university.[1]

In addition to its supervision of the University of Texas at Austin, Texas Rev. Civ. Stat. Ann., Art. 2584 *et seq.,* and the other institutions included in the 17 that are in the state university system,[2] the Board of Regents also oversees a number of other major institutions of higher education within Texas' university and college system: University of Texas at El Paso, *id.,* Art. 2633, University of Texas at Arlington, *id.,* Art. 2620a, University of

---

[1] During oral argument, counsel for appellant indicated that its authority extended over some "17 component institutions in the system," stretching from El Paso on the far western tip of the State, to Galveston on the Gulf Coast, and from San Antonio in the south to Dallas in the north. Tr. of Oral Arg. 6–7. "[A]t the University of Texas at Austin alone," counsel told us, "there are 40,000 students, and over 7,000 employees on a 265-acre campus. When you include all the other campuses and institutions, I'm hard put to say how many people are involved; but many, many thousands." *Id.,* at 10.

[2] See n. 1, *supra.*

Texas at San Antonio, *id.*, Art. 2606c–3, University of Texas at Dallas, *id.*, Art. 2606c–3.1, University of Texas of the Permian Basin, *id.*, Art. 2606c–4, Institutes for Urban Studies in the Dallas-Ft. Worth area and in Houston, *id.*, Art. 2606d, as well as other institutions of learning. *E. g., id.*, Art. 2585d (3).

The matter involves more than state "legislation affecting a locality": it concerns a university system with campuses scattered across the State and serving the educational needs of those from every city, from every county, who seek undergraduate or graduate education.[3]

Since the case is properly here, I would reach the merits.

---

[3] That a "statewide concern" sufficient to require a three-judge court is present is evidenced by *Alabama State Teachers Assn.* v. *Alabama Public School and College Authority*, 393 U. S. 400 (1969), a case of recent vintage which the Court must overrule to reach its result today. There, we sustained a three-judge-court action dealing with state bonding authority for a single college in a single town. See also *McLaurin* v. *Oklahoma State Regents*, 339 U. S. 637 (1950) (three-judge court required for action relating to single state graduate school). The present case is an even stronger one for the convention of a three-judge court because the rules in issue touch upon the freedom of expression in colleges and universities in all four corners of the State of Texas.

And see *Board of Visitors* v. *Norris, post,* p. 907, aff'g 327 F. Supp. 1368 (ED Va. 1971), decided about three months ago. There, the three-judge court struck down as unconstitutional a single item in a state act dealing with but one of the State's colleges. This Court unanimously affirmed that judgment.

*Alabama State Teachers Assn., McLaurin,* and *Norris* did not, as is suggested by the majority, depend upon the existence of a pervasive state policy of segregation extending beyond the educational institutions there involved. The statewide concern which justified the convention of the three-judge courts in those cases, cf. *Spielman Motor Sales Co.* v. *Dodge,* 295 U. S. 89 (1935), was the unconstitutional manner in which state institutions, serving the entire State, were being operated. That same kind of operation of statewide institutions is alleged in the present case.