**William DOVE, Sr., et al., Appellants,**

**v.**

**Dale BUMPERS et al., Appellees.**

**No. 73-1756.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1974.

Decided May 7, 1974.

Charles E. Williams, III, New York City, for appellants.

John A. Davis, III, Pine Bluff, Ark., for appellee, City Council.

Walter Murray, Asst. Atty. Gen., Little Rock, Ark., for Bumpers.

Before HEANEY and STEPHENSON, Circuit Judges, and SMITH, Senior District Judge.*

HEANEY, Circuit Judge.

Four black residents of the City of Pine Bluff, Arkansas, representing a class consisting of all black voters of the City appeal from a three-judge court decision [1] upholding the constitutionality

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Dove v. Bumpers, 364 F.Supp. 407 (E.D. Ark.1973).

of an Arkansas statute.[2] The statute required that aldermen be elected at-large in cities of the first class which have a population of 50,000 or more and also have the mayor-council form of government.[3]

The appellants contend that the three-judge court was improperly convened and, thus, their appeal to this Court, rather than to the Supreme Court, is proper. *See*, Bd. of Regents v. New Left Education Project, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972); Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967). They also contend that the three-judge court erred in its decision on the merits, and urge a reversal.

The appellees—the mayor and City of Pine Bluff—contend that the three-judge court was properly convened pursuant to 28 U.S.C. § 2281 and, thus, this appeal should be dismissed for lack of jurisdiction. They contend, alternatively, that if this Court reaches the merits of the case, the three-judge court's decision should be affirmed.

The appellees—Dale Bumpers, Governor of Arkansas; James Guy Tucker, Attorney General of Arkansas; and Kelly Bryant, Secretary of State of Arkansas—contend that the 1973 amendment to the statute removed any basis for the appellants' claim against the State and that this case should be remanded to the District Court for the entry of an order dismissing the State.

■ We hold that a Court of Appeals has jurisdiction to determine whether a three-judge court was properly convened. While there is no express authority for this holding,[4] it is supported by logic and by a concern for the heavy caseload of the Supreme Court.

■ The question of whether this three-judge court was properly convened is not without difficulty. Had the statute specifically provided that aldermen in the cities of Pine Bluff and North Little Rock should be elected at-large, the convening of the three-judge court would have been clearly improper because the statute would not have been of statewide application. *See*, Rorick v. Board of Commissioners, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939). We think that this is also the case with the statute under consideration. Although it is couched in general terms, it applies exclusively to the same two cities and, thus, has only a local impact. *See*, Bd. of Regents v. New Left Education Project, *supra*; Gay v. Board of Registration Commissioners, 466 F.2d 879 (6th Cir. 1972). This resolution is consistent with the Supreme Court's admonition that the three-judge court statute is to be strictly construed. Goldstein v. Cox, 396 U.S. 471, 90 S.Ct. 671, 24 L.Ed.2d 663 (1970); Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941).

■ Although the three-judge court was improperly convened and appeal properly lies to this Court, the question of whether we should reach the merits of this case remains. We have been urged to do so in the interest of judicial

2. Arkansas Statutes Annotated § 19–1002.2 (1959).

3. The statute applied to only two cities, Pine Bluff and North Little Rock. We note that after the three-judge court heard this case but before it rendered its decision, the Arkansas Legislature amended the statute, giving all cities of the first class the option of electing aldermen by ward or at-large. Arkansas Statutes Annotated § 19–1002.7. (Supp.1973).

It appears that this amendment was not brought to the attention of the three-judge court.

4. In Melendez v. Shultz, 486 F.2d 1032, 1033 n. 1 (1st Cir. 1973), the First Circuit stated:

Lynch v. Household Finance, 405 U.S. 538 [, 92 S.Ct. 1113, 31 L.Ed.2d 424] * * * may arguably be read to direct that even purely jurisdictional questions about the convening of a three-judge court must be decided first by the Supreme Court. * * *

We reject this reading of *Lynch*.

economy. In Phillips v. United States, *supra* at 254, after deciding that a three-judge court had been improperly convened, the Supreme Court said:

> Had a timely appeal been taken to the circuit court of appeals the decree below could have been reviewed there, though rendered by three judges. * * *

Despite this language, we do not think it is appropriate for us to reach the merits here. Three-judge court decisions are collegial, and we are not willing to assume that a single judge sitting alone, though formerly a member of the three-judge panel, would adopt the original opinion of the panel. *See,* Moody v. Gallion, 286 F.Supp. 653 (M.D.Ala.1968). Moreover, a remand is particularly appropriate here because the statute originally considered by the three-judge court has been amended.

We, therefore, remand this matter to the District Court for proceedings consistent with this opinion.