**Frederick KING, Plaintiff,**

v.

**CONSERVATORIO de MUSICA de PUERTO RICO et al., Defendants.**

Civ. No. 74-93.

United States District Court,
D. Puerto Rico.
July 24, 1974.

Olaguibet A. Lopez Pacheco, Hato Rey, P. R., Josefina Lopez de Victoria, Maria V. Ferrer de Glassberg, Arturo Aponte Pares, San Juan, P. R., for plaintiff.

Geigel, Silva, Soler Favale & Arroyo, Santurce, P. R., for defendants.

## OPINION AND ORDER

TOLEDO, Chief Judge.

■ According to Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33

L.Ed.2d 548 and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, a person's interest in a benefit is a property interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing. *Sindermann*, at page 601, 92 S.Ct. 2694. More specifically a teacher has a property interest in continued employment if school policies and practices—written or unwritten—upon which the teacher has relied justify a "legitimate claim of entitlement to continued employment absent sufficient cause."

The plaintiff herein, Frederick King, is a tenured professor at the Conservatorio de Musica de Puerto Rico. He files the present action under Title 42, United States Code, Sections 1981, 1983 and 1985(3) and their jurisdictional counterpart Title 28, United States Code, Section 1343 and Title 28, United States Code, Section 1331, alleging that he was "suspended from his duties and pay as Professor at the Conservatorio de Musica de Puerto Rico effective on January 14, 1974" without a prior hearing and because he is a Negro and/or a Stateside American in violation of his rights to due process of law and of the Equal Protection Clause of the Fourteenth Amendment respectively". A prayer is made for injunctive relief to stop defendants from unconstitutionally terminating plaintiff's employment, and for compensatory and punitive damages together with costs and reasonable attorney's fees.

The defendants have answered the complaint and argue that termination of plaintiff's employment without a prior hearing was carried out in accordance with the pertinent school regulations and·therefore was legal. All allegations founded on discrimination have been denied.

The regulations governing disciplinary proceedings at the Conservatorio de Musica provide full due process protection for all employees prior to involuntary termination of employment—including a prior hearing upon request. Regulations, Section 4, Articles 6–11. However, the regulations also provide that a professor may be suspended without prior procedural guarantees if both the Dean of Administration and the Dean of Studies consider it advisable. Regulations, Article 14.

The defendants argue that application of Article 14 in plaintiff's case was proper because "no student wanted to enroll in the classes conducted by Professor King and the fact that the hearings on the charges would take more time, which would mean that there would be no teacher for percussion during the semester beginning in January, was sufficient cause to take the action of suspension". Defendants' memorandum of law, filed May 21, 1974, page 5.

█ The plaintiff has not challenged the facial constitutionality of the regulations governing disciplinary proceedings at the Conservatorio, and has indicated that the complaint is limited to an attack on the regulations as applied in order to obviate the need to convene a three judge court. However, the propriety of convening a three judge court to decide a constitutional challenge to a state statute or regulation when injunctive relief is sought depends on the substantiality of the federal question involved; *a three judge court is required even if the constitutional attack—as here—is upon the regulation as applied.* Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed. 505 (1974).

Constitutional insubstantiality for purposes of convening a three judge court has been equated with such concepts as "essentially fictitious", Bailey v. Patterson, 369 U.S. 31 at 33, 82 S.Ct. 549, 7 L.Ed.2d 512; "Wholly insubstantial" ibid; "obviously frivolous", Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288, 30 S.Ct. 326, 54 L.Ed. 482 (1910); and "obviously without merit", Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933). The question may be plainly insubstantial . . . because its unsoundness so clearly results from the previous decisions of the Supreme

Court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy. Hagans v. Levine, 415 U.S. 528, 94 S.Ct. 1372, 39 L. Ed.2d 577 (1974).

Indeed the present case presents an even stronger argument for procedural due process protection than was presented in Perry v. Sindermann, supra. Professor Sindermann, although lacking formal contractual or tenure security, was given an opportunity, on remand by the Supreme Court, "to prove the legitimacy of his claim of such entitlement [to continued employment] in light of 'the policies and practices of the institution'". At page 603, of 408 U.S., at page 2700 of 92 S.Ct. Professor King, on the other hand, is a tenured professor—and we so find. The Supreme Court has held that "a public college professor dismissed from an office held under tenure provisions has an interest in continued employment that is safeguarded by due process, and which includes the right to a prior hearing." Slochower v. Board of Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692.

■ In view of the foregoing, we find it unnecessary to convene a three judge court in the instant case. Plaintiff's right to a hearing prior to termination of his employment is so clearly settled as to leave no room for doubt as to its proper application here. Furthermore, and equally dispositive, no three judge court is required when the state statute or regulation under attack is not of statewide applicability. Souza v. Trevisono, 498 F.2d 1120 (1 Cir.) 1974. A school regulation—as here—not shown to apply to other than the particular institution involved can not be considered of statewide application for purposes of convening a three judge court. Marin v. University of Puerto Rico (D.C.P.R. 1972), 346 F.Supp. 470, citing Board of Regents of University of Texas System v. New Left Education Project, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972).

■ The defendants argue that plaintiff herein "has adequate legal and administrative remedies which he has not exhausted". Defendants' answer to the complaint, filed May 6, 1974, affirmative defense number 6. But a Section 1983 plaintiff is not required to exhaust the state remedies before coming into the Federal Court; the Federal remedy is separate, and supplements the state remedy. Wishart v. McDonald, 500 F.2d 1110 (1 Cir.) 1974.

Whatever review is given at the state level to the merits of Professor King's claim that he was suspended without cause is of no concern to this Court; our focus must be limited strictly to flaws of constitutional magnitude—as here the violation of established constitutional due process rights. *Wishart*, supra, 500 F.2d at page 1115.

■ Regarding plaintiff's allegations that his suspension from the Conservatorio was as a result of defendants' pattern of discrimination and harassment against him, we find the evidence in the record totally insufficient to support such a charge. Other than conclusory allegations of discrimination, plaintiff has tried to show only that during a particular musical recital in which he participated as tympany soloist he was not acknowledged by defendants as is customary, and that the only explanation for such conduct "was racial discrimination as Professor King is a black Negro and defendant Elias Lopez Soba is a very light skin Negro with caucasian features". Plaintiff's memorandum of facts and law, filed May 20, 1974, page 2, paragraph 3.

As a final ground in support of dismissal, defendants argue that the promulgation of regulations by the Conservatorio and their application in this particular instance does not constitute state action for purposes of federal jurisdiction. Defendants' answer, filed May 6, 1974, affirmative defenses number 3 and 5.

It is not disputed that a claim under Section 1983, requires "state action".

Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). A defendant, as the statute provides, must have acted "under color of" state law; and for a plaintiff to be deprived of a right secured by the Fourteenth Amendment, the state itself, not a mere private party, must have taken property without due process of law. Fletcher v. Rhode Island Hospital Trust Nat'l Bank, 496 F. 2d 927 (1 Cir.) 1974. The question is to what extent the ostensibly private action is removed from any state involvement, *Fletcher,* supra, at page 929. Although the Supreme Court has never attempted the "impossible task" of formulating an infallible test for determining whether the state "in any of its manifestations" has become significantly involved in private discriminations, Reitman v. Mulkey, 387 U.S. 369 at page 378, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1966), enough has been said regarding factual situations such as is involved herein to convince the Court that state action is present here in sufficient degree for Federal jurisdiction purposes.

 The Court finds that defendant Conservatorio de Musica de Puerto Rico is a musical teaching center at university level subsidized by annual appropriations by the Legislature from the Treasury of the Government of the Commonwealth of Puerto Rico. Government financial support has been held to bring a private beneficiary within the strictures of the Fourteenth Amendment. Buckton v. National Collegiate Athletic Association, 366 F.Supp. 1152 (D.C.Mass., 1973) citing Simkins v. Moses H. Cone Memorial Hospital, 323 F.2d 959 (4 Cir. 1963), cert. denied, 376 U.S. 938, 84 S. Ct. 793, 11 L.Ed.2d 659. The same principle applies to defendant Festival Casals, Inc. which the Court finds is a public corporation whose only stockholder is defendant Compañia de Fomento Industrial de Puerto Rico which, in turn, the Court finds is a public corporation and government instrumentality of the Commonwealth of Puerto Rico. The individual defendants are all employees of the aforementioned business entities and the Court finds all were acting within their respective official capacities at all times material to the present complaint. Accordingly, we find defendants' argument regarding lack of state action herein to be without merit.

In view of the foregoing, defendants are hereby permanently enjoined from terminating plaintiff's employment without due process of law. Plaintiff is to be reinstated in his position at the Conservatorio de Musica de Puerto Rico as it was held prior to his discharge, and he is to receive all pay due to him and not paid from the date of his discharge to date.

A judgment will be entered accordingly.