Daisy BURCHETTE, by her next friend, Marie Browne, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

James R. DUMPSON, Individually and as Commissioner of the New York City Department of Social Services, and Abe Lavine, Individually and as Commissioner of the New York State Department of Social Services, Defendants.

No. 74 C 967.

United States District Court, E. D. New York.

Dec. 13, 1974.

Jonathan A. Weiss, Legal Services for the Elderly Poor, New York City, for plaintiffs.

Adrian P. Burke, Corp. Counsel by Joseph F. Bruno, Asst. Corp. Counsel, New York City, for Dept. of Social Services-NYC.

Louis J. Lefkowitz, Atty. Gen. by David R. Spiegel, Asst. Atty. Gen., New York City, for N. Y. State Dept. of Soc. Services.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This action is instituted under 28 U.S.C. §§ 2201, 2202, Rules 54, 57, 58 and 65 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983 (Civil Rights Act), demanding declaratory relief, damages and a permanent injunction restraining the defendants, the New York State and City Departments of Social Services, from transferring one Daisy Burchette and "all those similarly situated" from "full-service nursing homes" to "intermediate health-related facilities" on the grounds that (i) the procedures utilized by the defendants to effect such transfers violate federal and state laws and regulations and (ii) the New York State statutory and regulatory provisions relating to transfer are unconstitutional in that they violate plaintiffs constitutionally guaranteed rights of due process, treatment, travel, association and life.

The complaint also requests a three-judge special district court to be invoked pursuant to 28 U.S.C. §§ 2281, 2282, and 2284 and certification of the action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff moves for an order certifying the above and defendant cross moves for an order dismissing these requests and the granting of summary judgment on the grounds that (i) the claims of the plaintiff, as the sole named claimant, are moot; and (ii) plaintiffs claims cannot be maintained as a class action.

## FACTS

Plaintiff Daisy Burchette is at the present and has been a resident of the Van Doren Nursing Home in Queens, New York, since February 24, 1971. She was admitted to the nursing home from the Flushing Hospital following a stroke that required nearly a month of hospital care. It is alleged that plaintiff's physical and mental condition has shown marked improvement while a resident at the nursing home but she still experiences periods of disorientation and remains incompetent to aid in or conduct her own legal affairs.

On or about January 8, 1974, the plaintiff and her daughter, Marie Browne, were informed orally by a representative of the New York City Department of Social Services that the plaintiff no longer qualified for full-time nursing home care and that she would be transferred to an intermediate health-related facility. On or about January 22, 1974, the New York City Department of Social Services sent a NOTICE OF INTENT TO DISCONTINUE OR SUSPEND PUBLIC ASSISTANCE to the plaintiff Burchette. The Notice does not advise the plaintiff of the availability of community legal services to aid at a fair hearing and the plaintiff alleges she received no such notice. Plaintiff's daughter, Marie Browne, alleges that she was only made aware of this notification by the Van Doren Nursing Home, acting upon its own initiative, and not pursuant to any requirement of law, and upon receipt of such notice requested a fair hearing to contest the decision to transfer her mother, Mrs. Burchette.

A hearing was held pursuant to 18 N.Y.C.R.R. § 358.3 on April 5, 1974, and a decision rendered on April 19, 1974, on behalf of the defendant Abe Lavine, Commissioner, by Carmen Shang, Assistant Commissioner, in which it was determined that the decision to transfer the plaintiff Burchette was properly made. The reasons enumerated in defendant's decision of April 19, 1974, in support thereof were as follows:

(1) Section 501.3 of the Regulations of the State Department of Social Services requires the medical director of the agency to periodically review the medical records of recipients of medical assistance to determine whether the type of medical care previously authorized appears to be consistent with good medical practice and best meets the needs of the patient at the most reasonable cost;

(2) A physician examined plaintiff Burchette's medical records and determined that she no longer needed nursing home care; and

(3) Although plaintiff Burchette's representative stated that he felt a transfer would be detrimental to the health of the plaintiff, he was unable to present "medical testimony that his (sic) medical needs would not be met by an intermediate care facility."

On May 17, 1974, more than five weeks prior to the time the instant action was commenced, the plaintiff instituted an Article 78 proceeding in Queens County Supreme Court, Special Term, Part I, seeking and receiving a temporary restraining order against the impending transfer and challenging the evidentiary substantiality of the very same determination to transfer which is now at issue here. The State Court proceeding is still pending at this time although the temporary restraining order expired on July 24, 1974.

The plaintiff filed the present action on June 28, 1974, and noticed a motion for certification of a class action and the convening of a three-judge court returnable on July 12, 1974. Defendants cross moved for an order dismissing plaintiffs motions for a class action, convening of a three-judge court, for preliminary injunction and the granting of summary judgment for the defendant Commissioners on the grounds that:

(1) The claims of Daisy Burchette, as the sole named claimant, were moot;

(2) Plaintiff Burchette's claims cannot be maintained as a class action.

Argument was held on July 19, 1974, when it was disclosed that the City defendant had uncovered a second medical report made on the plaintiff Burchette on February 28, 1974, in which it was found that her condition did indeed require full-time nursing home care. Since this report obviously superseded the findings in the earlier July 27, 1973 report on which the fair hearing was based, a decision has been made not to transfer the plaintiff to an intermediate health-care facility or to reduce her payment rates. Therefore, the defendants argued that the plaintiff's claims are now moot and that therefore she is not a proper representative of the class.

The sole questions before this Court at this time are whether, under the circumstances, a three-judge court is required pursuant to 28 U.S.C. §§ 2281 and 2284 and whether the action should be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### JURISDICTION—SECTION 1343

The complaint (paragraph 2) alleges as one of the bases for jurisdiction 28 U.S.C. §§ 1343(3) and (4), and 42 U.S.C. § 1983.

Section 1343(3) and (4) provide:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

The language "authorized by law" refers to the Civil Rights Act, 42 U.S.C. § 1983, which states:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ Plaintiffs allege in effect in their complaint (para. 32 and prayer for relief # 5) that the New York State Social Services Regulations in regard to notice of discontinuance or suspension of benefits (18 N.Y.C.R.R. § 358.3) deprived them of rights guaranteed by and thereby violated the Fifth, Ninth, Tenth and Fourteenth Amendments to the Constitution of the United States. Once plaintiffs filed their complaint alleging such deprivation and violation and challenging the constitutionality of § 358.3, [the New York Statute], this Court is properly seized of jurisdiction over the case under § 1343(3) and (4) of Title 28 . . . . Rosado v. Wyman, 397 U.S. 397, at 401, 403, 90 S.Ct. 1207 at 1212, 1213, 25 L.Ed.2d 442 (1970); Johnson v. Harder, 438 F.2d 7 (2d Cir. 1971).

### THREE–JUDGE COURT

#### Requirements

The first question is whether the Court is justified in invoking a three-judge statutory court pursuant to 28 U.S.C. §§ 2281 and 2284.

■ The criteria a District Court should consider in deciding whether to convene a three-judge court were described by the Supreme Court in Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962), as follows:

" . . . When an application for a statutory three-judge court is ad-

dressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute."

See also, Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Green v. Board of Elections, 380 F.2d 445 (2d Cir. 1967), cert. den. 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968); American Commuters Assoc. v. Levitt, 405 F.2d 1148 (2d Cir. 1969); Dale v. Hahn, 311 F.Supp. 1293 (S.D.N.Y.1970).

In the California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938) case the Supreme Court said (304 U.S. 252 at p. 255, 58 S.Ct. 865 at p. 867):

" . . . The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject."

See also, Maryland Citizens for a Representative General Assembly v. Governor of Maryland, 429 F.2d 606 (1970).

■ In other words, the three-judge statute may not be invoked when the constitutional issue presented is "essentially fictitious". Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L. Ed.2d 512 (1962).

■ The fact that the plaintiff is attacking state regulations rather than a state statute does not obviate the need for a three-judge court, King v. Smith, 392 U.S. 309, 312 n. 3, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968) as long as the regulations attacked represent a statewide policy. Moody v. Flowers, 387 U.S. 97 101, 87 S.Ct. 1544, 1548, 18 L.Ed.2d 643 (1967); Board of Regents of University of Texas System v. New Left Education Project, 404 U.S. 541, 542, 92 S.Ct. 652, 653–654, 30 L.Ed.2d 697 (1972).

The plaintiffs claims of unconstitutionality may be reduced to two fundamental contentions. The first of these contentions is that the defendants are administering otherwise constitutional regulations in an unconstitutional manner (complaint paras. 32 through 41). The second claim is that the provisions of the New York State Social Services Regulations relating to notice requirements affecting a change in receipt of assistance or services, do not comply with minimal standards of due process (18 N.Y.C.R.R. § 358.3). (Complaint para. 32 and prayer for relief # 5).

I

Each of plaintiffs claims (paras. 32 through 43) improperly labeled First through Tenth Causes of Action appear to allege in part that the "decision to transfer" plaintiff Burchette violated federal or state regulations or specific provisions of the Constitution.

■ For purposes of the question at hand, the plaintiffs' complaint in these allegations is therefore not that the particular State regulations are unconstitutional either on their face or as applied to the plaintiffs, but rather that the defendants are administering otherwise constitutional regulations in an unconstitutional manner. In such circumstances it has been held that a single judge has the power to dispose of the claim. Johnson v. Harder, 438 F.2d 7, 13 (2d Cir. 1971). Congress has not determined that the claims that a given state official is misapplying State policy, with unconstitutional results, is an issue of such public consequence as to require a special forum of three-judges. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1940); Tyrone, Inc. v. Wilkinson, 410 F.2d 639, 643 (4th Cir. 1969); Chester v. Kinnamon, 276 F.Supp. 717, 721 (D.C.Md. 1967); Bartlett and Company, Grain v. State Corporation Commission of Kansas, 223 F.Supp. 974 (D.C.Kan.1963).

Therefore, these allegations of unconstitutionality are insufficient to justify the convening of a three-judge statutory court under 28 U.S.C. §§ 2281 and 2282.

## II

The plaintiffs' second basic contention as to unconstitutionality appears to be that the provisions of the State Social Services laws and regulations relating to notice affecting a change in receipt of assistance or services do not comply with minimal standards of due process in that they do not provide for service upon interested parties other than the recipient of aid. (Complaint para. 32 and prayer for relief # 5).

The State statutory regulation under attack is 18 N.Y. State Code of Rules and Regulations § 358.3 which provides:

"Every applicant and recipient shall be informed in writing at the time of application and at the time of any action affecting his receipt of assistance or services:

(a) Of his right to a fair hearing;

(b) Of the method by which he may obtain a hearing;

(c) That he may be represented by legal counsel, or by a relative, friend, or other spokesman, or he may represent himself; and

(d) Of the availability of the community legal services available to assist him in the fair hearing.

The information herein indicated shall also be given to every home relief applicant and recipient, in writing whenever he is determined to be employable."

Defendants NOTICE OF INTENT TO DISCONTINUE OR SUSPEND PUBLIC ASSISTANCE OF JANUARY 22, 1974 was sent, pursuant to Section 358.3, only to the plaintiff Burchette. Plaintiff's relatives were informed of the decision of the Department of Social Services only by the Van Doren Nursing Home acting on their own initiative. A fair hearing to contest the decision to transfer was requested and held on April 5, 1974. Section 358.3 does not require service on anyone other than the recipient of aid.

■ With this contention, plaintiff has raised a substantial constitutional question. In many cases, nursing home residents experience periods of disorientation or are entirely incapable of managing their own affairs. The problem is compounded by the fact that many such residents do not have living or accessible relatives. For those nursing home residents who do have living accessible relatives, the dilemma still exists. Ofttimes relatives do not visit those of their family who have been confined to nursing homes. It is entirely possible that recipients would not discuss the receipt by mail of a perhaps uncomprehended notice with whatever relatives do visit them. (*Cf.* Dale v. Hahn, 486 F.2d 76 (2d Cir. 1973)). It may well be that personal notice to nursing home residents is insufficient in that guardian ad litems should be appointed in all cases for such residents. (*Cf.* Dale v. Hahn, 440 F.2d 633, 638 (2d Cir. 1971)).

There are many situations in which physical service of process will not constitute adequate notice. We are satisfied that such a premise is supported by the cases (see Dale v. Hahn, and cases cited therein, *supra,* 638) and the question would appear to be substantial enough to require the consideration of a three-judge district court if the other prerequisites to the convening of such a court are met.

The second question which this Court must decide is whether the complaint at least formally alleges a basis for equitable relief. (See discussion p. 8). Such an injunction in this case would restrain the defendants from transferring plaintiff Burchette and all other persons similarly situated until such time as they presented to the court a procedure which comports with the minimum standards of due process, including but not limited to, adequate notice to all concerned parties. (Comp. prayer for relief # 5). In addition, plaintiffs seek an order notifying all persons who have been transferred that they are entitled to return to

their prior residences if they so desire. (Comp. prayer for relief #5).

■ As a prerequisite to the granting of a preliminary injunction, the Court must find the plaintiffs will probably succeed on the merits of the case, and that without injunctive relief they will be irreparably damaged. Studebaker Corp. v. Gittlin, 360 F.2d 692 (2d Cir. 1966); Symington Wayne Corp. v. Dresser Industries Inc., 383 F.2d 840 (2d Cir. 1967); Torres v. New York State Department of Labor, 318 F.Supp. 1313 (S.D.N.Y.1970).

As stated previously, it appears that plaintiffs have raised a substantial constitutional argument in regard to the adequacy of the notice provisions contained in section 358.3. It also appears from the cases cited concerning the need for service upon persons other than the main participant that there is a good possibility plaintiffs will succeed on the merits. (See discussion p. 12).

■ In addition, it appears that both the plaintiffs and the class they represent will be irreparably damaged unless injunctive relief is granted. Although the defendants have decided not to transfer the plaintiff, no representation has been made that she will not be transferred in the future under different circumstances. Further, defendants deny that the notice provisions and procedures in this proceeding are "wrong" and presumably, believing in the correctness of their position, will continue the practice unless ordered otherwise. The damage which may result from such transfers is irreparable in the true sense of the word. Changes in surroundings and movement of long distances of senior citizens who are suffering from physical and psychological infirmities are likely to aggravate their condition and increase the likelihood of death. Thus this appears to be an appropriate case for injunctive relief.

■ The fact that the plaintiff has been voluntarily granted the relief requested (non transfer) does not moot the constitutional challenge or deprive the court of jurisdiction. Gray v. Sanders, 372 U.S. 368, 376, 83 S.Ct. 801, 9 L. Ed.2d 821 (1963); United States v. W. T. Grant Co., 345 U.S. 629, 632–633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953); Kennedy Park Homes Ass'n Inc. v. City of Lackawanna, 436 F.2d 108 (2d Cir. 1970); Gatling v. Butler, 52 FRD 389, 394 (D.Conn.1971); Torres v. New York State Department of Labor, 318 F.Supp. 1313, 1316 (S.D.N.Y., 1970), nor preclude the granting of injunctive relief; "the courts power to grant injunctive relief survives discontinuance of the illegal conduct." United States v. W. T. Grant, *supra*; Law Students Civil Rights Research Council, Inc. v. Wadmond, 299 F.Supp. 117, 133 (S.D.N.Y. 1969) prob. juris. noted, 396 U.S. 999, 90 S.Ct. 560, 24 L.Ed.2d 492 (1970); Gatling v. Butler, *supra*.

## STANDING

■ The final question which this Court must determine is whether the plaintiff has standing to raise the second constitutional question. Assuming that notice to interested parties other than the recipient of aid may be constitutionally required and assuming further that such notice is never given in these circumstances, nevertheless, interested parties in this case having received notice of plaintiff's transfer and a full representative hearing having been held, plaintiff lacks standing to raise this constitutional argument. Dale v. Hahn, 311 F.Supp. 1293, 1301 (1970); United States v. Raines, 362 U.S. 17, 21–22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). This is not a question involving vagueness or overbreadth, nor does this involve First Amendment rights. We are not here faced with the possibility of a "chilling effect" on future exercise of such rights by others. Accordingly, no exception to the usual rule that plaintiff has no standing to raise this contention is warranted. Dale v. Hahn, *supra,* 311 F.Supp., p. 1301; *Cf.* Dombrowski v. Pfister, 380 U.S. 479, 486–487, 85 S.

Ct. 1116, 14 L.Ed.2d 22 (1965). For this reason, plaintiffs request for a three-judge court is denied.

## CLASS ACTION

[11] Plaintiffs contend that class action relief is appropriate and have accordingly moved for an order of certification pursuant to Rule 23(c); Federal Rules of Civil Procedure. This motion is also denied. Members of the purported class may have experienced different treatment from that which the plaintiffs experienced relative to notice and the opportunity for a hearing. Because of the possible variations in factual situations, it may well be that Section 358.3 is unconstitutional as applied to certain members of the purported class and yet may be constitutional as applied to others. Where such a line could be drawn is not readily apparent, and it would be much more appropriate to handle difficult constitutional questions arising from the application of the statute to varying fact-patterns on a case-by-case basis rather than in a class action. Therefore, the class action must fail. Dale v. Hahn, 440 F.2d 633, 640 (2d Cir. 1971).

## DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

As indicated above, defendants have also cross-moved for summary judgment. Plaintiff's complaint, however, as indicated, appears to state a claim of a violation of certain of her constitutional rights which has not been mooted and they allege damages in excess of $10,000., exclusive of interest and costs, also citing as a basis for jurisdiction of her claims Title 28 U.S.C. § 1331.

■ A plaintiff discharges his burden (under § 1331) with an unchallenged, formal allegation of jurisdictional amount. KVOS, Inc. v. Associated Press, 299 U.S. 269, 277–278, 57 S.Ct. 197, 200–201, 81 L.Ed. 183 (1936); Opelika Nursing Home, Inc., et al. v.

Sec. of H.E.W., 448 F.2d 658, 665–666 (5th Cir. 1971). This is so even though the defendant makes an unsupported assertion of lack of subject matter jurisdiction. KVOS, Inc. v. Associated Press, supra; Opelika Nursing Home, Inc., et al. v. Sec. of H.E.W., supra.

Accordingly, defendants' aforesaid cross motion must be denied at this juncture.

## CONCLUSION

Plaintiffs' request for a statutory three-judge court is denied in that they lack standing to assert the due process constitutional claim; plaintiffs' request for certification as a class action is denied in that there are questions of law and fact common to the class as a whole; and defendants' request for summary judgment is also denied.

So ordered.