FEBRUARY 21, 1978

No. 77–504. ENOMOTO, CORRECTIONS DIRECTOR, ET AL. v. WRIGHT ET AL. Affirmed on appeal from D. C. N. D. Cal.

MR. JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE joins, dissenting.

Appellants seek to appeal to this Court a decision of a three-judge District Court pursuant to 28 U. S. C. § 1253. That section provides for a direct appeal from any "suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges." If no Act of Congress required a three-judge District Court to hear this suit, the decision cannot be appealed directly to this Court pursuant to § 1253 even though a three-judge court may have been in fact convened. Appeal lies instead to the United States Court of Appeals. Under such circumstances, we do not have jurisdiction to consider the appeal. *Board of Regents* v. *New Left Education Project,* 404 U. S. 541 (1972);

*Moody* v. *Flowers,* 387 U. S. 97 (1967); *Phillips* v. *United States,* 312 U. S. 246 (1941). Because I believe that no Act of Congress required a three-judge District Court in this case, I believe that the Court therefore errs in considering the merits of the appeal.

Appellee prisoners sued appellants, officials of the California prison system, in the District Court for the Northern District of California contending that constitutionally insufficient procedural safeguards are provided a prisoner who is placed into administrative segregation. A three-judge court was convened under 28 U. S. C. § 2281 (now repealed) which at the time this action was filed provided for such a court whenever the constitutionality of a "State statute . . . or of an order made by an administrative board or commission acting under State statutes" is challenged.

It is the second clause of § 2281 that is relevant here since appellees challenge no state statute. The District Court based its jurisdiction on a presumed challenge to various regulations promulgated and issued by the Director of the Department of Corrections of the State of California. According to the District Court, these regulations are "formal orders of statewide application" and thus a challenge to their constitutionality provides jurisdiction under § 2281. Both because the regulations would not appear to be "order[s] made by an administrative board or commission" and because appellees would not appear to challenge the regulations, I do not believe that a three-judge District Court was required by § 2281.

"[T]he three-judge court statute is to be strictly construed." *Board of Regents* v. *New Left Education Project, supra,* at 545. Loose construction of § 2281 to require a three-judge court not only "entails a serious drain upon the federal judicial system" but also, inasmuch as direct review is in this Court, "defeat[s] the purposes of Congress, as expressed by the Jurisdictional Act of February 13, 1925, to keep within

narrow confines our appellate docket." *Phillips* v. *United States, supra,* at 250. Section 2281 does not speak broadly in terms of "formal orders," as the District Court would assume. Instead, it requires a three-judge court to be convened only where a plaintiff challenges an "order made by an *administrative board or commission.*" (Emphasis added.) Here, the orders allegedly under attack were issued by only one man, the Director of the Department of Corrections. While Congress could have given three-judge courts jurisdiction over orders issued by any state official, it did not. When Congress uses exact terms such as "administrative board" and "commission," it clearly does not intend to include state officials.

Even assuming that an order of a single state official can provide jurisdiction for a three-judge District Court here appellees' complaint does not bring into question the constitutionality of the regulations. As the District Court observed, the regulations provide for prior notice and a hearing "when possible"; these same regulations provide that an inmate should have the assistance of a caseworker or investigating officer when he is unable to prepare his own defense and should be allowed to testify and present documentary evidence; finally, a written statement of the outcome of the hearing is required. Appellees presumably do not object to these procedural safeguards. Instead, they argue that these regulations are not strictly followed, and that wardens are constitutionally obligated to go even further than the regulations require and provide for additional procedural protections such as cross-examination.

There is no allegation that the regulations prohibit additional procedural safeguards. The rules, which are entitled *"General* Procedures," simply provide an outline for the procedures to be followed when a prisoner is placed in administrative segregation. Presumably, each warden is free to supplement these minimum procedures as he sees fit. While wardens may be providing the minimum procedures with the

acquiescence and even approval of the Director, the choice of procedures (beyond the minimum required by the regulations) remains that of the warden and does not bind any other prison in California. Under such circumstances, the regulations of the Director, even if an order of an "administrative board or commission," is not an order of "general application" and thus will not provide jurisdiction for a three-judge District Court. See *Griffin* v. *County School Board*, 377 U. S. 218 (1964).

Because a three-judge court was not required in this case, we do not have appellate jurisdiction and are not free to reach the merits. *Board of Regents* v. *New Left Education Project, supra,* and cases cited therein. Under such circumstances in the past, we have vacated the judgment and remanded with instructions to enter a fresh decree so that appellants may, if they desire, perfect a timely appeal to the Court of Appeals. I would follow that course here.