Robert J. STANTON, Trustee of Tulsa Crude Oil Purchasing Company and its Consolidated Subsidiaries, Plaintiff,

v.

MANUFACTURERS HANOVER TRUST COMPANY, a National Banking Association, and Banque Romande, Defendants.

No. 74 Civ. 791.

United States District Court,
S. D. New York,

Jan. 22, 1975.

Brown, Wood, Fuller, Caldwell & Ivey, New York City by Thomas J. Mullaney, New York City, of counsel, for plaintiff.

Coudert Brothers, New York City by John Carey, New York City, of counsel, for defendant Banque Romande.

Simpson, Thacher & Bartlett, New York City, by Cynthia M. Cohen, New York City, of counsel, for defendant Manufacturers Hanover Trust.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Defendant Banque Romande, a Geneva, Switzerland-based bank, moves to dismiss the above-entitled action, including both the complaint and cross-complaint, or in lieu thereof to quash the return of service of the Order of Attachment, on the ground that New York's at-

tachment statute—Section 6201 of the New York Civil Practice Law and Rules [1]—is unconstitutional. In the alternative, defendant seeks a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. For the reasons stated herein, these motions are denied.

## I. *Facts*

Plaintiff, the trustee in bankruptcy for Tulsa Crude Oil Purchasing Company (Tulsa) filed its complaint in February, 1974 against both defendants. The complaint alleges that in 1971 Tulsa sought to obtain a loan of money from Banque Romande. As part of the negotiations, Tulsa deposited $80,000 with Manufacturers Hanover Trust (MHT) for the account of Romande. This deposit, it is alleged, was made on condition that the $80,000 would be paid to Banque Romande if the loan was subsequently made, but would otherwise be returned to Tulsa. The complaint further alleges that the loan was not made, and the $80,000 was not returned.

After the filing of the action, MHT, which is a New York bank, was personally served in this jurisdiction; Banque Romande, however, could not be found or served within this district. Accordingly, in September, 1974, plaintiff applied for a writ of attachment against the property of Romande on the ground that Romande was a foreign corporation within the meaning of CPLR § 6201(1) and that the attachment was thus necessary to secure *quasi in rem* jurisdiction against Romande. The writ was granted and a levy was subsequently made upon the sum of $100,000 belonging to Romande on deposit at MHT.[2]

In its cross-complaint, MHT alleges that to the extent it participated in the transaction involving the $80,000, it participated only as a paying and collecting agent, pursuant to the instructions from Romande. MHT seeks to recover from Romande the full amount of any recovery, together with all costs and disbursements. Like the plaintiff, MHT opposes the motions of defendant Romande.

## II. *The Motion to Dismiss*

The motion to dismiss or to quash the return of service of the Order of At-

---

1. § 6201. Grounds for attachment

An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:

1. the defendant is a foreign corporation or not a resident or domiciliary of the state; or

2. the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so; or

3. the defendant, with intent to defraud his creditors or to avoid the service of summons, has departed or is about to depart from the state, or keeps himself concealed therein; or

4. the defendant, with intent to defraud his creditors, has assigned, disposed of or secreted property, or removed it from the state or is about to do any of these acts; or

5. the defendant, in an action upon a contract, express or implied, has been guilty of a fraud in contracting or incurring the liability; or

6. The action is based upon the wrongful receipt, conversion or retention, or the aiding or abetting thereof, of any property held or owned by any governmental agency, including a municipal or public corporation, or officer thereof; or

7. the cause of action is based on a judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, or on a judgment which qualifies for recognition under the provisions of article 53; or

8. there is a cause of action to recover damages for the conversion of personal property, or for fraud or deceit.

2. By stipulation among the three parties, approved by the court on October 21, the $100,000 were released from the attachment upon deposit by Romande with MHT of United States Treasury Bills in the amount of $100,000, of three-month maturity to be automatically renewed, "for such period of time and under such circumstances as if said Treasury Bills remained subject to the aforesaid Order of Attachment."

The stipulation provided that Romande would remain subject to this Court's jurisdiction "only to the extent that jurisdiction over it has been achieved by virtue of the aforesaid Order of Attachment and levy, as if said Order of Attachment and levy had continued in effect."

tachment is grounded on the claim that CPLR § 6201 is unconstitutional. Romande's argument rests entirely upon the recent decision of Sugar v. Curtis Circulation Company (S.D.N.Y.1974) 383 F.Supp. 643, in which a three-judge court held that the New York attachment statute, as applied to plaintiff in that action, was constitutionally defective.

In *Sugar*, the court examined the New York attachment statute in the light of recent Supreme Court decisions dealing with similar statutes in other jurisdictions. See, Mitchell v. W. T. Grant (1974) 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406; Fuentes v. Shevin (1972) 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556; and Sniadach v. Family Finance Corp. (1969) 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349. The court interpreted the *Mitchell* decision to establish five constitutional requisites, 383 F. Supp. at 647, and found that the New York statute failed to satisfy one of them, namely the right of a debtor-defendant to an immediate post-seizure hearing, "at which the creditor-plaintiff must prove the grounds 'upon which the writ issued'." 383 F.Supp. at 648.

Although this court has been urged by defendant MHT to reject *Sugar's* reasoning, it is clear that in this case the question of· the correctness of the *Sugar* rationale need not be reached. By its own terms, *Sugar* does not apply to the facts of this action.

The parties in the *Sugar* case were apparently New York residents and were adversaries in an ongoing state court proceeding in Westchester. Subsequently, Curtis made an *ex parte* application in the Supreme Court, New York County for a writ of attachment based upon allegations of fraud on the part of Sugar. Specifically, the grounds for this writ were the fraudulent disposition of property under CPLR § 6201(4), fraud in formation of a contract under CPLR § 6201(5) and fraud and deceit in general under CPLR § 6201(8).

As is thus apparent, *Sugar* dealt exclusively with the situation where a writ of attachment was obtained against a New York domiciliary on grounds of fraud. In these circumstances, *Sugar* held that a post-attachment hearing was necessary so that the creditor would be forced to prove the grounds "upon which the writ issued." The reasons for requiring such a procedure in fraud cases was stated by the court as follows (at 649):

"Here . . . the issue before the state court considering the issuance of the attachment order was whether Sugar . . . had defrauded Curtis. The Supreme Court itself has emphasized that such issues, which involve determination of subjective elements of motive and intent, are notably unsuitable to determination on documentary proof alone. . . . A similar conclusion is mandated here. The questions of fraud alleged by Curtis in its motion for attachment are equally 'ill-suited' for preliminary ex parte determination particularly where, as here, the critical allegations of fraud, however detailed, are based on information and belief.

For the reasons described we find the challenged provisions unconstitutional to the extent that a New York defendant has no meaningful opportunity to vacate an order of attachment granted ex parte and without prior notice."

In the case at bar, we are not dealing with a ground of attachment involving fraud, peculation or evasion of service. See CPLR § 6201(2) through (8). All these grounds relate to the security function of the writ of attachment, that is, giving the plaintiff an advance security interest in defendant's property because defendant's prior fraudulent acts create a doubt that a judgment will be paid. In this case, we are dealing with the other function of attachment, namely, giving a court *quasi in rem* jurisdiction when the defendant is a non-resident. This ground, the one used in the case at bar is found in CPLR § 6201(1):

"The defendant is a foreign corporation or not a resident or domiciliary of the state".

Obviously, while questions of fraud may be ill-suited for preliminary ex parte determination, questions of residence can easily be so determined.

The three-judge court in *Sugar* itself recognized an exception to the hearing requirement in the case of an attachment necessary to secure jurisdiction. Commenting on *Fuentes, supra,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, upon which the *Sugar* opinion is based, the court observed that in *Fuentes,* the Supreme Court

> "held that, with limited exceptions,[5] the Due Process Clause requires an opportunity for a hearing prior to a deprivation of property". 383 F. Supp. at 646–647.

The footnote to that quotation reads in part as follows:

> "The exceptions included cases in which attachment might be necessary (1) to acquire jurisdiction of the defendant; . . . None of these considerations apply in the case at hand."

■■ The necessity for the jurisdictional exception is readily apparent from the facts in this case, since the attachment mechanism provides the only means for resolving all of the disputes between the three parties in one forum. It should also be noted that the attachment procedure has in no way prejudiced defendant Romande. The substituted Treasury bills held by MHT as if they were subject to the levy bear interest payable to Romande. Furthermore, under CPLR § 6223, those bills could be released if Romande entered an appearance and if the bills were not necessary for the security of the plaintiff.[3] Since the total recovery sought in this case does not exceed the amount of the Treasury bills, Romande would not subject itself to any greater liability if it appears, for the measure of recovery *in personam* would be identical to the measure of recovery *quasi in rem.*

### III. *The Motion for a More Definite Statement*

The alternative request for a more definite statement pursuant to Rule 12(e) of the Fed.R.Civ.P. is based on the assertion that both the complaint and cross-complaint are so vague and ambiguous that Romande cannot reasonably be required to frame a responsive pleading.

■ A reading of the complaint and cross-complaint in this action is sufficient for the court to hold that the Rule 12(e) motion must be denied. The rule is designed to strike at unintelligibility in a pleading, not just a claimed lack of detail. Fairmont Foods Company v. Manganello (S.D.N.Y.1969) 301 F. Supp. 832, 839. Both of the pleadings in this case give fair notice to Romande of the nature of the claims against it. Any alleged inconsistency between the complaint and papers submitted in support of plaintiff's writ of attachment would be irrelevant on a Rule 12(e) motion. That rule is concerned with defects in the complaint. That is the document to which a responsive pleading is required. Any inconsistency with other papers or lack of detail can be explored during the pretrial discovery phase of the litigation. Fairmont Foods Company v. Manganello, *supra,* 301 F.Supp. 832; Gann v. Bernzomatic Corporation (S.D.N.Y.1966) 262 F.Supp. 301, 304.

### *Conclusion*

Defendant Romande's motion to dismiss and motion for a more definite statement are hereby denied. Romande must file its answers to the complaint and cross-complaint within twenty days of the entry of this memorandum and order.

So ordered.

---

3. Any contention that the continuation of the attachment was "necessary for the security" of plaintiff would of course be subject to judicial determination.