**RANDOM HOUSE, INC., Plaintiff,**

v.

**Linda GOODMAN, Defendant and Third-Party Plaintiff,**

v.

**TAPLINGER PUBLISHING CO., INC., Third-Party Defendant.**

No. 75 Civ. 3057.

United States District Court, S. D. New York.

July 28, 1975.

Weil, Gotshal & Manges, New York City, for plaintiff; by Myron J. Meadow, Joseph H. Weiss, New York City, of counsel.

Rabinowitz, Boudin & Standard, New York City, for defendant and third-party plaintiff; by Herbert Jordan, New York City, of counsel.

Rubin Feldman, New York City, for third-party defendant.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

The application at hand is a motion by defendant to vacate an attachment order granted in the state court on plaintiff's ex parte application. This case involves a suit by Random House, Inc. against Linda Goodman, an author, to recover $40,000 in advances paid to the defendant pursuant to a contract under which she was to write and plaintiff was to publish two books. The suit was commenced in state court, but subsequent to her appearance in the action defendant removed the case to the federal court on the basis of diversity jurisdiction.

Prior to filing its complaint, plaintiff sought by way of an ex parte motion an order of attachment against assets belonging to Ms. Goodman which are located within the state. Pursuant to that order, royalties, in the amount of $7,217.85, owed to defendant by Taplinger Publishing Co., Inc., the third-party defendant, have been levied upon by the Sheriff of the City of New York.

In support of her motion to vacate, defendant argues that New York's en-

tire attachment scheme (N.Y. CPLR § 6201 et seq. (McKinney 1971)) was held invalid by the three-judge court in the case of *Sugar v. Curtis Circulation Co.,* 383 F.Supp. 643 (S.D.N.Y.1974), prob. juris. noted 421 U.S. 908, 95 S.Ct. 1556, 43 L.Ed.2d 773 (1975). This, however, is an overbroad reading of *Sugar* which was limited to a holding that the provision for an ex parte attachment order pursuant to N.Y. CPLR § 6211 based on N.Y. CPLR § 6201(4), (5) and (8) was unconstitutional. Those sections of the law (N.Y. CPLR § 6201(4), (5) and (8)) all deal with situations wherein the defendant is charged with defrauding the plaintiff; whereas, the basis of the attachment in this case was the fact that the defendant is a non-resident (N.Y. CPLR § 6201(1)).

In any case, defendant is clearly arguing that the statutory scheme under which the plaintiff was granted an ex parte order of attachment is unconstitutional. Plaintiff contends that the raising of this argument triggers the requirement for a three-judge court to determine the constitutionality of a state statute. 28 U.S.C. § 2281 et seq. While this contention has an initial appeal, I find it to be incorrect in the context of the specific language of § 2281 of Title 28 U.S.C. That section mandates the convening of a three-judge court where the application before the court is for injunctive relief from "the enforcement, operation, or execution of any State statute." That was the case in *Sugar* where the plaintiffs-defendants in the underlying state case, sought both declaratory and injunctive relief.

■ This case, however, presents no such request for injunctive relief. Rather, this is a straightforward motion to vacate an attachment in a suit which is presently pending before me. Consequently, there being no request for injunctive relief, I find it unnecessary to convene a three-judge court. See *Williams v. Ball,* 294 F.2d 94 (2d Cir. 1961) where no injunction was being sought and refusal to convene a three-judge

court was upheld. See also *Board of Regents of the University of Texas System v. New Left Educ. Project,* 404 U.S. 541, 545, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972) and cases cited therein for proposition that three-judge court statute is to be strictly construed.

■ Had the attachment order been necessary to secure *quasi in rem* jurisdiction in this case, it would have fallen within the jurisdictional exception noted in such cases as *Sugar,* 383 F.Supp. 643, 646 n. 5, and *Fuentes v. Shevin,* 407 U. S. 67 n. 23, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). See also *Holtzman v. Holtzman,* 401 F.Supp. 520 at 523 (S.D.N.Y. 1975). Since the defendant voluntarily appeared in the action, the only remaining question on the motion to vacate would have been whether the attachment was "unnecessary to the security of the plaintiff." N.Y. CPLR § 6223.

■■ However, the plaintiff, by her most recent submission and at argument, raised an additional problem. She argues that, since she was amenable to long-arm jurisdiction pursuant to N.Y. CPLR § 302, the attachment was not necessary for jurisdiction and hence should not have been granted ex parte without an opportunity for a hearing. While this argument presents an interesting question, it is one which as a practical matter I find unnecessary to decide.

If, as defendant argues, she was amenable to long-arm jurisdiction and was in fact personally served, her appearance in this action was voluntary and she has suffered no prejudice in this respect from the issuance of the attachment order. As this point, the defendant, having appeared and all parties having had an opportunity to argue and brief the merits of the attachment order, we are at a stage roughly equivalent to a motion on notice for an attachment. At this juncture I find that the grounds for an attachment set out in N.Y. CPLR § 6201(1), the non-residence of defendant, have been met.

The principle enunciated by Mr. Justice Brandeis in his concurring opinion in *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 341–48, 56 S.Ct. 466, 80 L.Ed. 688 (1936), that if a case can be decided without reaching the constitutionality of a statute, it is preferable to do so, is applicable in this case. I, therefore, believe it inappropriate for me to pass on the constitutionality of the New York statutory scheme on attachments where, as a practical matter, this is a proper case for an attachment.[1]

Consequently, upon the presentation by the plaintiff of a new order of attachment, the original attachment will be vacated and a new order will issue.

---

1. For this reason it is unnecessary for me to defer my ruling until the New York Attorney General is given notice and leave to intervene.

See 28 U.S.C. § 2284(2) and N.Y. CPLR § 1012(b).