**Barry J. WALLETT, Plaintiff,**

v.

**Marietta S. ANDERSON and Maria Delaney, Defendants.**

**No. CIV. 3:00CV0053 (AVC).**

United States District Court,
D. Connecticut.

Dec. 1, 2000.

Accordingly, the First Amended Complaint is operative at this juncture.

John R. Williams, Williams & Pattis, New Haven, CT, for plaintiff.

David S. Williams, Jo–Ann M. Shyloski, Brown, Jacobson, Tillinghast, Lahan & King, Norwich, CT, Elizabeth Conway, Mashantucket Pequot Tribal Nation, Office of Legal Counsel, Mashantucket, CT, Robert F. Vacchelli, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for defendants.

### RULING ON THE DEFENDANTS' MOTIONS TO DISMISS AND ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

COVELLO, Chief Judge.

This is an action for damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 alleging violations of the First and Fourteenth Amendments to the United States Constitution. The plaintiff, a current agent of the Liquor Control Division of the Connecticut Department of Consumer Protection, alleges that, as a consequence of his vigorous and impartial enforcement of Connecticut's liquor laws at Foxwoods Resort and Casino, the two defendants, Maria Delaney, a Foxwoods attorney, and Marietta S. Anderson, his state employed supervisor, conspired with one another to remove him from his assignment at Foxwoods and, in this way, chill him in the exercise of his right to free speech and deprive him of his right to equal protection under the law.

The defendant, Marietta S. Anderson, now moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction on the ground that, as an employee of a federally recognized Indian tribe, she is immune from suit by the doctrine of tribal sovereign immunity. In the alternative, Anderson moves pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement of the allegations asserted against her.

The defendant, Maria Delaney, also moves to dismiss the complaint. She asserts that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a constitutional injury and that, in any event, she is entitled to qualified immunity.

The issues presented are: (1) whether Anderson, an attorney employed by the tribe, is entitled to invoke the defense of tribal sovereign immunity; (2) whether the complaint is vague and ambiguous, requiring the plaintiff to submit a more definite statement of his claims; (3) whether the complaint alleges a constitutional injury; and (4) whether Delaney is entitled to qualified immunity. For the reasons hereinafter set forth, the court concludes that: (1) Anderson is not entitled to the defense of tribal sovereign immunity; (2) the complaint must be redrafted to the extent the plaintiff intends to allege a cause of action under state common law; (3) the complaint sufficiently alleges a constitutional injury; and (4) Delaney is not entitled to qualified immunity. Accordingly, the motions are granted in part and denied in part.

### FACTS

The complaint and supplemental documents, including affidavits submitted in connection with the instant motions, set forth the following factual background. The Mashantucket (Western) Pequot Tribe ("the tribe") is a federally recognized Indian tribe which owns and operates Foxwoods Resort and Casino ("Foxwoods"). Foxwoods is a gaming operation located on the tribe's reservation in Ledyard, Connecticut. A federal regulation authorizes state liquor control agents to go into the gaming facilities at Foxwoods to insure compliance with state liquor laws. *See* Final Mashantucket Pequot Gaming Procedures, 56 Fed.Reg. 24996 § 14(b) (May 31, 1991).

The plaintiff, Barry J. Wallett ("the plaintiff") is employed as an agent of the Liquor Control Division ("LCD") of the Connecticut Department of Consumer Protection. He has worked for the LCD since January 25, 1995 and, at all relevant times herein, has been assigned to Foxwoods. The defendant, Maria Delaney, is employed by the state of Connecticut as the plaintiff's supervisor and as the Director of the LCD.

The defendant, Marietta S. Anderson ("Anderson"), is an attorney employed in the office of legal counsel for the tribe. Anderson is responsible for overseeing the implementation of state liquor laws at Foxwoods. This responsibility includes acting as tribal representative for the LCD, handling complaints regarding the conduct of liquor control agents at Foxwoods and reporting any complaints to the pertinent supervisors at the LCD. (Anderson Affidavit/Kunesh Affidavit).

On February 8, 1996, the complaint alleges that Anderson, in an effort to conceal

evidence of liquor law violations by the Foxwoods' director of food and beverages, attempted to prevent the plaintiff from conducting a scheduled inspection of the Foxwoods bingo hall and dressing room areas. Anderson allegedly told the plaintiff that there was a special arrangement between Foxwoods and the LCD, where Foxwoods was to be monitored less strictly than other enterprises that sold alcoholic beverages. Thereafter, the plaintiff alleges that he was involved in further investigations of the director of food and beverages for violations of state liquor laws, which led to the director's resignation.

As a consequence of his investigations, the plaintiff claims that Anderson and Delaney undertook a concerted plan designed to bring about his removal from Foxwoods. Specifically, the plaintiff claims that in 1997, 1998, and 1999, Anderson caused false complaints regarding him to be submitted to Delaney and other LCD supervisors. These complaints invariably alleged that the plaintiff was rude or disrespectful to Foxwoods' employees and customers. As a result, the plaintiff claims that he was subjected to a disciplinary hearing over allegations that would not have prompted a disciplinary hearing for any similarly situated agent. The defendants' actions, the complaint avers, caused the plaintiff severe emotional distress and intimidated him in the performance of his official duties, all in violation of the First and Fourteenth Amendments to the United States Constitution.

### STANDARD

■ A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted if a plaintiff has failed to establish subject matter jurisdiction. *Golden Hill Paugussett Tribe of Indians v. Weicker*, 839 F.Supp. 130, 136 (D.Conn.1993). In analyzing a motion to dismiss under Rule 12(b)(1), the court must accept all well pleaded factual allegations as true and must draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.1993). Where a defendant challenges the district court's subject matter jurisdiction, the court may resolve disputed fac-

tual issues by reference to evidence outside the pleadings, such as affidavits. *Antares Aircraft, L.P. v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991).

Rule 12(g) of the Federal Rules of Civil Procedure requires a party filing a motion pursuant to Rule 12 to consolidate with that motion any other motion, objection or defense then available to the party. *Id.; see also* 5A Wright & Miller, *Federal Practice and Procedure*, § 1388 at 737–38 (2d Ed.1990). Here, the defendant has, in the alternative, asserted an objection to the complaint on the ground that it is vague and ambiguous.

■ A motion for more definite statement is appropriately filed if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Rule 12(e) is designed to enable a litigant to answer a complaint and is targeted at "unintelligibility in a pleading, not just a claimed lack of detail." *Stanton v. Manufacturers Hanover Trust Co.*, 388 F.Supp. 1171, 1174 (S.D.N.Y. 1975).

### *DISCUSSION*

#### I

#### Anderson's Motions

1. *Anderson and Tribal Immunity*

Anderson first moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction. Specifically, she argues that, as an employee of a federally recognized Indian tribe, she is immune from suit by the doctrine of tribal sovereign immunity and consequently, the court does not have subject matter jurisdiction with respect to the claims asserted against her. The plaintiff responds that, to the contrary, Connecticut courts have held that tribal employees are not entitled to sovereign immunity because they are not, by themselves, sovereign entities. In support of his argument, the plaintiff directs the court to *Drumm v. Brown*, No. CV 960079971, 2000 WL 73277 (Conn.Super.Ct., Jan. 10, 2000), in which the Connecticut superior court, in deciding a mo-

tion to dismiss a series of tort claims asserted against several Foxwoods' employees, declined to accord tribal sovereign immunity to them because they had failed to cite any authority holding that tribal employees are "absolutely immune" from suit. *Id.* at \*2.

While this court agrees with the superior court that tribal employees are not "absolutely" immune from suit, there are circumstances where tribal employees may legitimately assert the defense. The defense is appropriate where tribal employees are "tribal officials acting in their representative capacity and *within the scope of their authority.*" *Romanella v. Hayward,* 933 F.Supp. 163, 167 (D.Conn.1996), *aff'd* 114 F.3d 15 (2d Cir.1997) (*quoting Hardin v. White Mountain Apache Tribe,* 779 F.2d 476, 478 (9th Cir.1985)(emphasis added)). Hence, the defense is lost where a tribal official acts beyond the scope of his/her authority. *See e.g., Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida,* 177 F.3d 1212 (11th Cir.1999)(tribal officials are "subject to suit under the doctrine of *Ex parte Young* when they act beyond their authority."). It is well established that tribal officials act beyond their authority when they work in concert with state actors who, under color of state law, deprive an individual of his/her civil rights. *See e.g., Evans v. McKay,* 869 F.2d 1341, 1348 and n. 9 (9th Cir.1989).

In this case, the court will assume for purposes of discussion only that Anderson, as attorney employed by Foxwoods office of legal counsel, is a tribal official. *See e.g., Stock West Corp. v. Taylor,* 942 F.2d 655, 664–65 (9th Cir.1991), *modified on reh'g,* 964 F.2d 912 (9th Cir.1992) (*en banc*) (citing cases and discussing issue of when tribal attorney is acting as a tribal official). The court will also assume that Anderson's alleged actions were taken in a representative capacity for the tribe. The court, however, cannot assume that Anderson's alleged actions were taken within the scope of her authority. At this juncture, the allegations of the complaint must be accepted as true. The allegations specifically allege that Anderson "acted jointly and in concert [with Delaney]" (Compl. ¶ 6) to violate the plaintiff's constitutional rights. If this allegation

is proven to be true, it is conduct that cannot be within the scope of Anderson's authority. *See Evans,* 869 F.2d at 1348 and n. 9 (the scope of a tribal official's authority cannot include acting in concert with state actors to violate an individual's constitutional rights). Accordingly, Anderson may not invoke tribal sovereign immunity as a defense and hence, the motion to dismiss based on want of subject matter jurisdiction is denied.

2. *A More Definite Statement*

Anderson next moves pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of the claims asserted against her. Specifically, she argues that the complaint is vague and ambiguous, in that: (a) it is styled as a one count complaint under 42 U.S.C. § 1983 but asserts multiple state and federal constitutional violations, including violations of the plaintiff's right to free speech, equal protection, and right to substantive due process; and (b) the complaint invokes the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, but does not articulate any state common law causes of action other than to generally allege that the "defendants... have caused him severe emotional distress." (Compl. ¶¶ 15, 21). In response, the plaintiff asserts that "Anderson is quite capable of responding to the complaint in its present form."

The court agrees with Anderson in part. A motion for more definite statement is appropriately filed and granted if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Such motions, however, are generally not favored. *Monaco v. Town of Branford,* No. 3:97CV2113 (AHN), 1997 WL 821765 (D.Conn. Dec. 18, 1997). Under Federal Rule of Civil Procedure 10(b), the plaintiff is required to state in separate counts claims founded upon separate transactions or occurrences. *Id.*

Applying these principles, the court concludes first that, while the complaint invokes multiple constitutional provisions (free speech, equal protection and substantive due

process), the factual basis for each of these alleged violations is the same. Accordingly, there would not likely be any enhancement of the clarity of the complaint by dividing the claims into separate counts. *See e.g., Ford v. Wilson,* No. 93 C 20342, 1994 WL 716309, *4 (N.D.Ill.Dec. 21, 1994). The court also concludes, however, that the complaint, while alluding to a cause of action for emotional distress, simply does not allege such a claim or any other state law cause of action. Accordingly, the motion for a more definite statement is granted to the extent the plaintiff intended to assert a cause of action arising under state law.

## II

### Delaney's Motions

#### 1. *Motion To Dismiss under Rule 12(b)(6)*

 Delaney first argues that the complaint fails to state a claim for which relief can be granted. Specifically, she asserts that the plaintiff cannot show a constitutional violation because he simply wasn't injured. In Delaney's eyes, because the plaintiff was "afforded" a name-clearing hearing, he has no ground to complain. The plaintiff responds that, to the contrary, he was "tormented" by the disciplinary process and, in this regard, injured within the meaning of constitutional jurisprudence. The court agrees with the plaintiff.

The gravamen of the complaint is that the plaintiff was punished by Delaney in retaliation for his exercise of a constitutionally protected activity. It is the very proceedings that are alleged to have caused the torment and injury, proceedings to which the plaintiff would have rather not been "afforded." When such proceedings are brought in retaliation for one's exercise of First Amendment rights, they violate the Constitution. *See e.g., Dougherty v. Clark,* 993 F.2d 1549 (7th Cir.1993); *Cain v. Lane,* 857 F.2d 1139, 1145 (7th Cir.1988). Accordingly, Delaney's motion is without merit.

#### 2. *Qualified Immunity*

 Delaney next asserts that she is immune from suit by the doctrine of qualified immunity. Specifically, she claims that, because a constitutional right does not exist that protects individuals from "being vindicated at an employee disciplinary proceeding," she is entitled to qualified immunity. The plaintiff responds that the right of a state employee to be free from retaliation on account of the exercise of a First Amendment right, is a right that, indeed, was clearly established prior to the conduct complained of and, accordingly, Delaney is not entitled to qualified immunity. Certainly, the court must agree with the plaintiff. It is beyond cavil that qualified immunity shields a defendant "from liability for civil damages insofar as [her] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 801, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Here, the court agrees with Delaney that there exists no clearly established right for a state employee to be vindicated at a disciplinary proceeding. If this purported "right" had anything to do with this case, the court might be inclined to recognize Delaney with qualified immunity. However, because this case concerns the right of a state employee to be free from retaliation on account of his exercise of a First Amendment right, a right clearly established at the time of the conduct alleged, *see e.g., Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), the court denies the motion to dismiss based on qualified immunity.

#### 3. *Other Arguments*

Delaney has also presented an indispensable party argument under Federal Rule of Civil Procedure 19(b). She argues that, in the event the court conclude that the complaint should be dismissed with respect to Anderson, the court should dismiss the action with respect Delaney for non-joinder of an indispensable party. Because the court has denied Anderson's motion to dismiss, the court does not reach the merits of this argument.

Further, Delaney has also moved to dismiss the complaint to the extent it alleges state common law causes of action for either intentional or negligent infliction of emotional distress. Because the court has concluded

that, at this juncture, the complaint cannot be read to allege any state law cause of action, the motion is denied as moot.

### *CONCLUSION*

For the foregoing reasons, Anderson's motion to dismiss and, alternatively, for a more definite statement (document no. 18) is granted only to the extent that the plaintiff shall provide a more definite statement of any state law cause of action. The motion is denied in all other respects. Further, Delaney's motion to dismiss (document no. 16) is denied.