Maurice S. THOMPSON, et al., Individually and on Behalf of All Others Similarly Situated, Plaintiffs,

v.

Jiro J. ENOMOTO, et al., Defendants.

No. C–79–1630 SAW.

United States District Court,
N. D. California.

June 29, 1982.

Michael Satris, Donald Specter, Margaret Littlefield, Certified Law Student, San Quentin, Cal., G. Kip Edwards, John Farrell, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for plaintiffs.

George Deukmejian, Atty. Gen., Robert H. Philibosian, Chief Asst. Atty. Gen.— Crim. Div., William D. Stein, Asst. Atty. Gen., Karl S. Mayer, Deputy Atty. Gen., San Francisco, Cal., for defendants.

### ORDER RE CONTEMPT AND FOR FURTHER PROCEEDINGS

WEIGEL, District Judge.

Plaintiffs are inmates in the custody of the California Department of Corrections and the Warden of the California State Prison at San Quentin, who are now or were at the time of the commencement of the action under sentence of death and housed in the condemned unit, "Condemned Row I." Defendants are George W. Sumner, Warden of San Quentin, and Ruth Rushen, Director of the California Department of Corrections (successor to Jiro J. Enomoto). Plaintiffs brought suit on July 6, 1979, alleging that the conditions of confinement of condemned inmates at San Quentin constituted cruel and unusual punishment and a denial of due process, in violation of the state and federal constitutions. A Consent Decree was entered into on October 23, 1980, which requires defendants to take a number of corrective actions in the housing, treatment and privileges afforded condemned inmates at San Quentin.

The case is now before the Court on plaintiffs' motions (1) for an order holding defendants in contempt of Court for failing to comply with the Consent Decree and (2) for an order requiring defendants to provide *Wright* hearings for reclassifications of condemned inmates from Grade "A" to Grade "B". *See Wright v. Enomoto*, 462 F.Supp. 397, 402–403 (N.D.Cal.1976) (3 judge court), *sum aff'd sub nom. Enomoto v. Wright*, 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756 (1978). Upon consideration of the papers and pleadings on file and the arguments of counsel, the Court must deny both motions.

First, the Court cannot find defendants in contempt of Court for failing to comply with the Consent Decree where, as here, defendants have been reasonably diligent in attempting to accomplish what was agreed to in the Decree. *See e.g., Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406

(9th Cir. 1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977); *Nelson v. Collins,* 659 F.2d 420, 431 (4th Cir. 1981). In this case, non-compliance is largely attributable to increases in the population of condemned inmates at San Quentin, and not to defendants' deliberate failures. The population of condemned inmates has increased from less than 40 at the time the Decree was entered into to nearly 100 inmates at present. Thus, in order to avoid double-celling of inmates in Condemned Row I, defendants transferred certain inmates to another security housing unit in San Quentin, "Condemned Row II." Plaintiffs do not allege that defendants have failed to comply with the Decree with respect to inmates housed in the original Condemned Row I, but only with respect to inmates housed in Condemned Row II. Substantial physical and security differences between the two rows, however, make it impossible for defendants to comply with respect to the latter. Thus, an order of contempt is not warranted. *See Nelson v. Collins, supra* (prison authorities cannot be held in contempt for failure to comply with court decrees where unanticipated increase in prison population made it plain that decrees were not reasonably achievable). Rather, it appearing to the Court that modification of the Decree will be necessary and that the parties are willing to attempt negotiations, this matter should be continued to allow the parties to negotiate necessary modifications of the Consent Decree.

Second, the Court cannot order defendants to provide *Wright* hearings for reclassifications of condemned inmates. The issue of whether due process requires the procedural safeguards of *Wright* whenever an inmate is reclassified from Grade "A" to Grade "B" was not litigated in this action because the parties entered into a Consent Decree. Pursuant to that Decree, defendants agreed that reclassifications would be made in accordance "with existing Departmental and Institutional Classification procedures" and in the "sound discretion of institutional staff." Consent Decree, pp. 5–6. The "existing" procedures for reclassifications of condemned inmates are set forth in 15 Cal.Adm.Code § 3375. Thus, defendants can only be required to follow those procedures to which they agreed in negotiating and entering into the Consent Decree, and not additional procedures now desired by plaintiffs. Defendants did comply with the Consent Decree. As the Supreme Court stated, "... the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it. Because the defendant has, by the decree, waived his right to litigate the issues raised, a right guaranteed to him by the Due Process Clause, the conditions upon which he has given that waiver must be respected, and the instrument must be construed as it is written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation." *United States v. Armour & Co.,* 402 U.S. 673, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971).

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for an order holding defendants in contempt of Court for failing to comply with the Consent Decree is denied.

IT IS FURTHER HEREBY ORDERED that plaintiffs' motion for an order requiring defendants to provide *Wright* hearings for reclassifications of condemned inmates is denied.

IT IS FURTHER HEREBY ORDERED that this matter be continued until August 26, 1982 at 2:15 P.M. Prior thereto the parties shall negotiate a modification of provisions of the Consent Decree and at that time counsel shall appear before the Court for approval of modifications of the Consent Decree and/or for such further proceedings as the Court may direct.