**Aaron HELMS, Appellant,**

v.

**Lowell D. HEWITT, Superintendent; B.B. Kyler, CO III; R.F. Stotelmyer, Major; B.K. Smith, Counselor III; K.R. Hileman, Farm Manager; D.R. Erhard, Deputy Superintendent for Treatment; T.W. Henry, Director of Treatment; W.W. Mateer, C.I. Manager.**

No. 80–2393.

United States Court of Appeals,
Third Circuit.

June 29, 1983.

Before GARTH, ROSENN and MILLER, Circuit Judges.[*]

**ORDER ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

In his complaint filed in the district court, the plaintiff alleged that he was removed from the general population and placed under less favorable conditions in administrative segregation without being afforded due process. He also averred that the subse-

---

* Honorable Jack R. Miller, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

quent adjudication of institutional disciplinary charges against him was constitutionally tainted by the substantive use of critical hearsay testimony allegedly obtained from an unidentified informant. The district court entered summary judgment for the defendants on both claims.

On appeal we reversed on both claims. Because we were unable to conclude on this record whether the defendants acted reasonably in light of existing law and with the requisite good faith in connection with Helms' confinement and restrictive custody, we left the issue of official immunity to the district court on remand. *Helms v. Hewitt,* 655 F.2d 487 (3d Cir.1981). We also directed that on remand the defendants should be provided an opportunity to prove that they afforded Helms his constitutional rights before the Hearing Committee in the proceedings on December 8, 1978.

The defendants sought certiorari which the Supreme Court granted "to consider what limits the Due Process Clause of the Fourteenth Amendment places on the authority of prison administrators to remove inmates from the general prison population and confine them to a less desirable regimen for administrative reasons." *Hewitt v. Helms,* —— U.S. ——, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).[1]

Predicated on the questions presented to the Supreme Court for certiorari[2] and its decision, we conclude that our judgment with respect to the second issue before this court, namely, the denial of due process when a prisoner's conviction on disciplinary charges rests solely on a hearsay report of an unidentified informant which offers no basis for an independent assessment of the informant's credibility or reliability, remains unaffected by the Supreme Court's mandate.

Accordingly, it is ORDERED that the judgment of this court filed June 30, 1981, be and the same is hereby vacated, only insofar as we directed a remand of the case to provide the defendants "an opportunity to prove that they afforded Helms his constitutional rights before the December 8 [Hearing Committee]." *Helms v. Hewitt, supra,* 655 F.2d at 500. Therefore, the judgment of the district court will be affirmed insofar as it dismissed plaintiff's claims based on the denial of due process in the proceedings before the Hearing Committee on December 8, 1978. In all other respects, the judgment of this court entered June 30, 1981, will remain in full force and effect.

The cause will be remanded for further proceedings consistent with our original opinion as modified.

---

1. In reversing the judgment of this court and remanding for further proceedings in conformity with its opinion, the Court nonetheless concluded, as did this court, that Helms "did acquire a protected liberty interest in remaining in the general population." *Id.* at 4126. The majority of the Supreme Court also observed, "While the Court of Appeals may have been correct that the record does not clearly demonstrate that a *Wolff* hearing was held, it does show that he [Helms] had an opportunity to present a statement to the [Hearing] Committee." *Id.* at 4128. The Court therefore held that the proceedings satisfied due process requirements for the administrative confinement of Helms pending the outcome of the investigation.

2. The petitioners sought certiorari on the following questions: (1) Is an inmate who is transferred from the general prison population to administrative segregation for non-disciplinary reasons, pending completion of investigation of his involvement in a prison disturbance, entitled to the same procedural protections as this court sanctioned for deprivations of statutory "good time" credits in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935?, and (2) Is this court's summary affirmance in *Enomoto v. Wright,* 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756, of controlling precedential value on the issue of what process is due such inmate?