WALTERS, C.J., and SWANSTROM, J., concur.

775 P.2d 149

Walter D. BALLA,
Plaintiff–Respondent,

v.

Alfred Ivan MURPHY, Director of Corrections, Arvon J. Arave, Warden, Glen Johnson, Disciplinary Hearing Officer, and Jim Renk, Chief of Classification, Individually and in Their Official Capacities, Defendants–Appellants.

No. 17263.

Court of Appeals of Idaho.

May 31, 1989.

Jim Jones, Atty. Gen., Timothy D. Wilson and Robert R. Gates, Deputy Attys. Gen., Boise, for defendants-appellants.

Walter D. Balla, Boise, pro se.

WALTERS, Chief Judge.

This is an appeal from a judgment permanently enjoining officials of the Idaho State Correctional Institution from conducting telephone interviews of witnesses at prisoner disciplinary hearings unless certain procedural safeguards are taken. The injunction also requires that if a hearing officer refuses to obtain testimony from a witness whom an inmate wishes to call, the hearing officer must state—in the record of the hearing—the reasons for such a refusal. On appeal, the officials contend that the district court erred, as a matter of law, by placing these restrictions on the institution's disciplinary hearing procedures. We affirm in part, reverse in part

and remand with directions to modify the injunction.

The facts of this case may be stated briefly. In 1985, Walter Balla (an inmate at the institution) filed a complaint against the ISCI officials alleging that he had suffered civil rights violations in connection with a disciplinary action occurring in 1984. At that time, the procedures for conducting disciplinary hearings were governed by Section 318 of the Department of Corrections' Policy and Procedure Manual for Disciplinary Proceedings (1983) (department standards). In his complaint, Balla maintained—among other claims—that his constitutionally protected due process rights were violated when, during his disciplinary hearing, the hearing officer interviewed one of Balla's witnesses over the telephone, without providing Balla an opportunity to hear the witness's response, and without making the witness's statements part of the hearing record. Balla also claimed that his due process rights were violated by the hearing officer's failure to state the reasons for prohibiting another of Balla's witnesses from testifying at the hearing.

Judgment was entered in favor of the officials on most of Balla's claims. However, the district court granted Balla injunctive relief on his due process claims. Specifically, the court's order prohibited hearing officers from conducting telephone interviews in the future unless the accused inmate could ask questions of the witness, the witness's responses to the inmate's questions were audible to all parties at the hearing, and the witness's responses were made part of the record. Further, determining that an inmate has the right to have witnesses at hearings on disciplinary offenses unless the presence of the witness would be unduly hazardous to the safety of the institution, the injunction also required the hearing officer to state, on the record at the beginning of the hearing, the reasons for refusing to obtain testimony from a witness whom the inmate has requested. This appeal followed. Inasmuch as the officials are represented in this appeal by the state's Attorney General, for ease of reference the officials' position will be denominated as that of "the state."

Initially, we note our standard of review of the district court's order. Entitlement to injunctive relief depends upon the presentation of evidence by the applicant, establishing the right to such relief. In an injunction case, like any other case, the district court's findings of fact—to support its conclusion that an injunction is appropriate—are subject to review under the clear error standard, I.R.C.P. 52(a). Under that standard, the court's factual findings based on substantial and competent, though conflicting, evidence will not be disturbed on appeal. *Rueth v. State*, 103 Idaho 74, 644 P.2d 1333 (1982). However, the choice of the remedy of injunctive relief, and the scope thereof, presents a question upon which we will exercise free review. *See e.g., Harris v. Preston–Whitney Irrig. Co.*, 92 Idaho 398, 401, 443 P.2d 482, 485 (1968).

I

We first address the state's argument regarding telephone interviews. The state concedes that an inmate is entitled to minimal due process protection in a disciplinary hearing, including the right to call witnesses and to present documentary evidence, when doing so will not be unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *See also Calkins v. May*, 97 Idaho 402, 545 P.2d 1008 (1976). However, the state points out that these due process protections do not include the right of confrontation or the right to cross-examine witnesses, primarily because of the inherent dangers associated with obtaining and scheduling witnesses for disciplinary hearings. *See Wolff v. McDonnell*, 418 U.S. at 566–69, 94 S.Ct. at 2979–81. The state maintains that its practice of permitting hearing officers to interview witnesses over the telephone during the hearing satisfies the inmate's due process rights without compromising the state's safety interests at the prison. Furthermore, the state argues that, despite the district court's concern over the adequacy of the hearing record,

the department standards do not require a written record of the witness's statements. Based upon these arguments, the state maintains that the district court erred by concluding that the use of telephone interviews did not meet minimal due process requirements.

The issues raised by this particular challenge may be restated as follows: (a) should the inmate be permitted to speak directly to, and hear the response given by, a witness interviewed by telephone; and (b) should an evidentiary record of the interrogation and responses from such a witness be required? We shall address each of these inquiries in turn.

### A

■ As to the first question, the district court reasoned, consistent with the legal principles announced in *Wolff* and *Calkins*, that the telephone interview violated Balla's due process rights. In reaching its conclusion the court noted that, under the institution's procedure, an inmate is given no opportunity to determine whether the person being spoken to during a telephone interview is in fact the witness that he or she called, nor is the inmate afforded an opportunity to ascertain the specific content of the witness's testimony. We agree with the district court that prohibitions of this nature constitute a denial, albeit indirectly, of an accused's right to call witnesses at a disciplinary hearing. *See Wolff v. McDonnell, supra.* When a prisoner is given such a right, it must not be circumvented by procedures which unduly impair the exercise of that right.

The district court's injunction does not rule out the use of all telephone interviews at disciplinary hearings. The order prohibits only those telephone interviews where the inmate is not allowed to ask questions directly to witnesses, or where the witness's responses to such questioning are not audible to both the inmate and the hearing officer. As noted by the district court, these problems can be solved simply by attaching a device on the telephone which enables everyone in the room to hear the witness's testimony. In this regard,

the district court's injunction is sufficiently narrow to protect the constitutional safeguards of the accused inmate while still providing the state with the means to insure institutional safety and correctional goals. *See Wolff v. McDonnell, supra.* We therefore hold that the district court did not err in enjoining the institution's practice of conducting telephone interviews at disciplinary hearings unless the inmate is allowed to speak directly to the witness and to hear the witness's responses.

### B

We turn next to the question whether, as required by the district court, a "record" should be made of the testimony presented over the telephone by a witness. In this regard, we hold the district court erred.

■ This issue, like the previous one, is controlled by *Wolff v. McDonnell, supra.* In *Wolff,* the Court delineated certain minimum requirements for a prisoner's disciplinary hearing. They include an opportunity to appear before the decision-making body; written notice of the charge against the prisoner in advance of the hearing; an opportunity to present witnesses and documentary evidence when it will not be hazardous to institutional safety or correctional goals; a written statement of the reasons for the decision to punish an inmate and of the evidence upon which it is based; and, if the prisoner is illiterate or if the issues are complex, then either a fellow inmate or member of the prison staff must be allowed as a counsel-substitute to assist in the preparation and presentation of a defense. *See Wright v. Enomoto,* 462 F.Supp. 397, 403 (N.D.Cal.1976) *aff'd sub nom., Enomoto v. Wright,* 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756 (1978). With respect to a "record" of the disciplinary proceeding, the Court in *Wolff,* explained:

[T]here must be a "written statement by the factfinders as to the evidence relied on and reasons" for the disciplinary action.... Written records of proceedings will thus protect the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding. Further, as to the discipli-

nary action itself, the provision for a written record helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the inmate will be at a severe disadvantage in propounding his own cause to or defending himself from others. It may be that there will be occasions when personal or institutional safety are so implicated, that the statement may properly exclude certain items of evidence, but in that event the statement should indicate the fact of the omission. Otherwise, we perceive no conceivable rehabilitative objective or prospect of prison disruption that can flow from the requirement of these statements. [Footnotes omitted.]

*Id.* 418 U.S. at 564–65, 94 S.Ct. at 2978–79.

█ Beyond the Court's description of a record containing a statement supporting the disposition in a disciplinary action, we do not find in *Wolff* a requirement that a *verbatim* record be made of the testimony presented, as would be required by the district court's injunction in the instant case. We note that the Department of Corrections' policy and procedure manual requires tape-recording of some disciplinary proceedings, depending upon the seriousness of the misconduct giving rise to the proceeding. However, the district court's injunction draws no distinctions among types of disciplinary cases.

Because the verbatim recording of all disciplinary proceedings is not mandated as a constitutional requirement under *Wolff*, we conclude the district court erred in imposing such a directive in its injunction. The injunction should be modified to narrow or to delete that requirement.

## II

█ The state next challenges the district court's mandate that "[d]enial of a witness for any reason must be put on the permanent record of the hearing at the commencement of the hearing." The state points out that the United States Supreme Court recently has decided that a hearing officer is not required to make such a statement at the time of a prisoner's disciplinary hearing. *Ponte v. Real*, 471 U.S. 491, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985). In *Ponte*, the inmate questioned the constitutionality of an adverse disciplinary hearing ruling where the hearing officer had failed to state any reasons in the record for declining to obtain testimony from a witness whom the prisoner wanted to call at a disciplinary hearing. The Supreme Court stated that the issue in that case was whether federal due process requirements imposed a duty on the hearing officer to explain, in any fashion, at the disciplinary hearing or later, why witnesses are not allowed to testify. *Id.* at 497, 105 S.Ct. at 2196. The Court opined:

> We think the answer to that question is that prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify, but that they may do so either by making the explanation a part of the "administrative record" in the disciplinary proceeding, or by presenting testimony in court if the deprivation of a "liberty" interest is challenged because of that claimed defect in the hearing. In other words, the prison officials may choose to explain their decision at the hearing, or they many choose to explain it "later."

*Id.* The latitude permitted by the Court in *Ponte*—as to when the hearing officer may state reasons for disallowing the appearance of a witness at a disciplinary hearing—reflects a legitimate concern over institutional safety and correctional goals. The Court noted that

> "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence."

*Id.* at 499, 105 S.Ct. at 2197, *quoting from Wolff v. McDonnell*, 418 U.S. at 566, 94 S.Ct. at 2979.

We perceive no reason to deviate from the approach adopted by the Court in *Ponte.* By requiring the hearing officer to state his or her reasons at the beginning of the hearing record for prohibiting a witness from testifying, the district court impermissibly extended Balla's due process rights beyond those protected under *Ponte.* Accordingly, the injunction should be modified to provide that if a hearing officer denies a request to compel the attendance of a witness at a disciplinary proceeding, the officer must put the denial itself in the record and must either state the reason for the denial or must declare that stating the reason would be "unduly hazardous to institutional safety or correctional goals," *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979, and save further explanation for a later court challenge of the proceeding. *Ponte,* 471 U.S. at 498, 105 S.Ct. at 2197.

In sum, we affirm the district court's injunction with respect to prohibiting the use of telephone interviews of witnesses during disciplinary proceedings unless the inmate is allowed to speak directly to the witness and to hear the witness's responses. We reverse the injunction with respect to requiring a verbatim record of telephone interviews of witnesses in all cases. We also reverse the requirement of stating reasons at the beginning of the disciplinary hearing for declining to obtain testimony from a prisoner's witness. We direct the district court to modify the injunction consistent with this opinion and to enter an amended judgment setting forth the injunction as modified. No costs allowed.

BURNETT and SWANSTROM, JJ., concur.