779 P.2d 419

**Leon R. MURRAY, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17743.**

Court of Appeals of Idaho.

June 19, 1989.

Petition for Review Denied Aug. 18, 1989.

Leon R. Murray, Boise, pro se.

Jim Jones, Atty. Gen., Timothy D. Wilson, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

This is an appeal from an order of the district court affirming the dismissal by a magistrate of a petition for a writ of habeas corpus. The writ had been sought by Leon Murray, an inmate at the Idaho State Correctional Institution. He claimed he had been denied due process during a disciplinary hearing concerning a report that Murray had assaulted another inmate. The battery had been observed by a tower guard at the prison.

A magistrate concluded there were insufficient allegations in Murray's petition upon which to issue a writ. The petition was dismissed and the dismissal was upheld on appeal by Murray to the district court. We likewise affirm.

Murray has presented no cogent argument demonstrating error either by the magistrate or by the district court upon review of the magistrate's proceeding. After due consideration, we conclude that the district court's decision sufficiently and correctly disposes of the claims asserted by Murray. With slight modifications, including the addition of footnotes, we adopt and

incorporate the district court's decision as our opinion in this case. It is as follows.

## DISCUSSION

### A. *Issues Presented*

The appellant, Murray, contends that his constitutional due process rights were violated in the following ways: (1) he was denied the opportunity to have two of the witnesses he requested present at the hearing, (2) he was not permitted to enter into evidence the statements of some of the parties involved which he obtained after the hearing, (3) he had inadequate time to prepare his defense, (4) he was moved to administrative segregation before determination of his appeal from the disciplinary proceeding, (5) he did not receive a fair hearing, and (6) he did not have the opportunity to cross-examine adverse witnesses.

### B. *Denial of Requested Witnesses and Additional Statements*

■ Murray requested seven witnesses, two of which were denied. The hearing officer indicated in writing the reasons for denial of one witness: namely, because he was the victim of the battery. The state later indicated that the other witness was denied because he was not in the unit. Murray was apparently not permitted to enlarge the record after the hearing by entering the statements of other parties into the record.

The United States Supreme Court has held that:

[T]he right to call witnesses [is] a limited one, available to the inmate "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. [539] at 566, 41 L.Ed.2d 935, 94 S.Ct. 2963, [at 2980] 71 Ohio Ops 2d 336. We further observed that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates

to collect statements or to compile other documentary evidence."

*Ponte v. Real,* 471 U.S. 491, 500, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985) *quoting Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

In *Wolff v. McDonnell,* 410 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court noted:

[T]he unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution. We should not be too ready to exercise oversight and put aside the judgment of prison administrators.

*Id.* at 567, 94 S.Ct. at 2980.

■ In the instant case it appears that the hearing officer's denial of Murray's request to call the above two inmates as witnesses was justified by legitimate institutional concerns and did not violate any due process rights. Furthermore, contrary to Murray's implication there is no constitutional requirement that reasons for denial of a requested witness be in writing. *Id.*[1]

### C. *Inadequate Preparation and Removal to Adverse Segregation*

Murray next contends that he did not have sufficient time to prepare his defense and that he was moved to administrative segregation before determination of his appeal in the disciplinary process.

■ The record indicates that Murray had at least two days to prepare his defense after he was given written notice of the charge against him. This constitutes adequate notice and time to prepare according to the 24 hour standard announced in *Wolff.* Furthermore, as the state correctly notes, Murray did not request a continuance of the hearing to allow further preparation.

■ While Murray challenges his placement in administrative segregation after the hearing, and before his appeal of the

---

1. *See Balla v. Murphy,* 116 Idaho 257, 775 P.2d 149 (Ct.App.1989).

hearing officer's decision was determined, it appears that such placement violates no constitutional guarantees, so long as the appeal is determined within a reasonable time following placement. *See e.g., Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). In the present case scarcely two days elapsed before the hearing officer's decision was reviewed by the prison warden. Thus no constitutional violation is shown.

### D. *Fair Hearing and Cross–Examining Adverse Witnesses*

Lastly Murray contends that he did not receive a fair impartial hearing, and that he did not have the opportunity to cross-examine adverse witnesses.

 The hearing officer was employed at the ISCI, but was not unconstitutionally biased. Given the fact that in the instant case the hearing officer's reasons, conclusions and recommendations were made in writing and were reviewed by other individuals, this appears sufficient to guarantee that the officer was not left with unfettered discretion. Such satisfies the right to an impartial hearing. *See Wolff v. McDonnell, supra.*

The opportunity to cross-examine adverse witnesses, which Murray claims was denied him, has been consistently held not to be a constitutional due process right of prison inmates in circumstances such as those presented in the instant case. *See Id.*

### CONCLUSION

The United States Supreme Court has clearly indicated that a decision by a state prison disciplinary board to revoke a prisoner's good time credits need only be supported by "some evidence" in the record in order to satisfy procedural due process requirements. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). In the instant case, the tower officer's testimony that he saw Murray commit

the battery is "some evidence" and adequately supports the hearing officer's conclusion that Murray was guilty of the disciplinary offense charged. For this reason, and the reasons stated above, the court concludes that no violation of Murray's legitimate constitutional due process rights is shown by the petition for writ of habeas corpus. While Murray has introduced significant factual allegations in his briefs on appeal, this court is limited to a review of the sufficiency of the facts alleged in the original petition.[2]

The district court's decision, upholding the magistrate's dismissal of Murray's petition for writ of habeas corpus, is affirmed.

---

**2.** Although a petition may be supplemented by timely affidavits, the factual allegations in this case were not so supplemented. A proper record must be made in the trial court—here, the magistrate division. Allegations may not be made for the first time in appellate briefs.